CHAUNCY BROOKS ET AL.
vs.
JOHN DELAPLAINE ET AL. }  DECEMBER TERM, 1848.

[CONCURRENT JURISDICTION OF THE COURT OF CHANCERY AND THE COUNTY COURTS.]

THE appearance of the defendants to the bill, and their submitting to answer it, would be a waiver of any objection to the jurisdiction of the court.

The power of the county courts, within the boundaries assigned them, are equal, in every respect, to the powers of the Court of Chancery.

When two courts have concurrent jurisdiction over the same subject matter, the court, in which the suit is first commenced, is entitled to retain it.

This rule is vital to the harmonious movement of the courts ; and, any other would, unavoidably, lead to perpetual collisions, and be productive of the most calamitous results.

[On the 28th of March, 1844, John Delaplaine, of Carroll county, executed to Wm. P. Maulsby, a deed of trust of all his property for the benefit, firstly of certain of his creditors therein mentioned, and after the payment of their claims, for the benefit of all other persons having any demands against him. In the month of August following, said Delaplaine applied for the benefit of the insolvent laws of Maryland, and the said William P. Maulsby was appointed his permanent trustee ; and in the month of October, 1846, a bill was filed on the equity side of Frederick County Court by Basil Norris, one of the preferred creditors, against said Delaplaine, and Maulsby, for an account of the trust fund of the said Maulsby, and for an adjudication

of the questions which might arise under the deed of trust, or grow out of the subsequent application of said Delaplaine for the benefit of the insolvent laws. A decree for an account was obtained in this case, with which said Maulsby complied; after which a bill was filed in this court by certain of the unpreferred creditors of the insolvent, to have the deed of trust set aside for fraud, and for an account by said Maulsby. The defendants in this case having filed their answer, the question as to the jurisdiction of this court was presented to the Chancellor, who delivered the following opinion:]

THE CHANCELLOR:

Of the jurisdiction of Frederick County Court as a court of equity over the subject of this trust, it is supposed no serious doubt can be entertained; but even if this was questionable, the appearance of the defendants to the bill filed there, and their submitting to answer it, would be a waiver of any objection upon that ground. *Carroll* vs. *Lee*, 3 *G. & J.*, 504.

The bill filed in the Frederick court was a creditors' bill, and submitted to the court their rights, as they might exist under the deed, or be affected by the proceedings in insolvency of the grantor; and the order of the court referring the case to the Auditor, contains a reservation of equities, that such subsequent proceedings might be adopted, according as the creditors might prefer to claim under, or against the deed.

The bill filed in this court assails the deed of March, 1844, as fraudulent in fact, and under our insolvent system; and proposes to set aside the sales made by the trustee Maulsby; to have the property sold by a trustee to be appointed by this court; and asks for an account.

But Maulsby has been already called upon to account for this same trust in a court of co-ordinate jurisdiction; which court has directed its proper officer to state the necessary accounts, and to bring before it the parties who may be interested. If the creditors, when they come in, are dissatisfied with the conduct of the trustee, either in disposing of the trust estate, or in any other respect, they may in that court take such steps as

to them may seem proper, for the vindication of their rights. If they have reason to think that the decree of the court, of February, 1847, was obtained by collusion, and fraudulently, the remedy for such fraud is open to them there.    Or, if the terms of the decree are such as to leave open the questions they desire now to litigate, the court which passed the decree is surely the proper tribunal for the adjudication of those questions.

This court has no means of knowing, nor is it important it should know, what further proceedings have been had in Frederick County Court, since the decree of February, 1847.

It is enough that it is duly informed, that such a decree was passed upon a bill filed there, before the exhibition of the bill in this court.

That decree, it is presumed, is in a course of execution, and if this court is to proceed upon the bill filed here, it is indisputably necessary that the cause in Frederick should stop; as otherwise it may happen, and indeed the result can scarcely be avoided, that inconsistent and conflicting decrees will be passed with reference to the same subject matters.    But what power has this court to arrest the proceedings of Frederick County Court?    The county courts by the express terms of the act of 1815, chapter 163, section 1, are clothed with all and singular the powers, authorities and jurisdictions that can or may be exercised by the Chancellor of this state, whether the same be derived from the common law, or in virtue of any statute or act of assembly heretofore passed.    These county courts are, to all intents and purposes, co-ordinate courts with this, exercising concurrent jurisdiction within their respective orbits—the jurisdiction of the Chancery Court being co-extensive with the limits of the state, that of the county courts depending upon the locality of the property, or upon the residence of the defendants.    But the powers of the county courts within the boundaries assigned them, are equal in every respect to the powers of this court ; the appeal from all being to the Court of Appeals.

There is no instance, as remarked by the late Chancellor in *Brown* vs. *Wallace*, 1 *G. & J.*, 497, in which either one of the
30*

English courts has attempted to hinder or stay any part of the proceedings in a suit which had been rightly instituted, and was then progressing in another ; nor has it ever been intimated that either of these courts could call before it the parties to a suit depending in the other, to give an account of acts done under the authority of the other.

The rule established by that case, both by the reasoning and judgment of the Chancellor, and by the Court of Appeals, is this : that when two courts have concurrent jurisdiction over the same subject matter, the court in which the suit is first commenced, is entitled to retain it.

This rule would seem to be vital to the harmonious movement of courts whose powers may be exerted within the same spheres, and over the same subjects and persons.

This court has no more power to stay the proceedings of the county courts as courts of equity, than have the latter courts to prohibit proceedings in this; and if this court should now entertain jurisdiction of the subject matter of the present controversy, and proceed to decree the relief sought by the bill, there may, and will probably, be two decrees inconsistent with each other, each affecting the same persons.

The only course of safety, therefore, is, when one court having jurisdiction over the subject, has possession of the case, for all others, with merely co-ordinate powers, to abstain from any interference.

Any other rule will unavoidably lead to perpetual collision, and be productive of the most calamitous results.

It is said that the creditors who file this bill were not parties to the decree in the Frederick court. But the bill filed in that court was a creditor's bill, and the decree was for the benefit of all the creditors, and in the nature of a judgment for all ; and all the creditors are entitled, and have been notified to come in and prove their debts, according to the course of proceedings usual in such cases. And as decided by Chancellor Kent in *Thompson* vs. *Brown*, 1 *Johns. Ch. Rep.*, 619, from the date of such decree against an executor or administrator, and on a disclosure of assets, an injunction would be granted on motion

of either party, to stay all proceedings of any of the creditors, at law.

The subject of this trust, prior to the filing of the present bill, was before a court of competent jurisdiction, and of powers equally ample as those possessed by this court. That court and this, if both proceed in the causes before them, may come to different and irreconcileable conclusions, and thus lead to a conflict of powers which can only end in mischief and perplexity. I had occasion to examine the subject in the case of Winn and Ross vs. Albert and wife, and then came to the conclusion, which has been confirmed upon subsequent reflection, that when any one of our equity courts, having jurisdiction over the subject, has possession of it, it must be finally disposed of there; and that the other co-ordinate courts ought not in any way to interfere.

Entertaining this impression, and as it is, therefore, in my judgment, impossible for this court to grant the relief prayed by by this bill, it must be dismissed.

[No appeal was taken from this decree.]