EDWIN D. WITHERS ET AL. *vs.* ADAM DENMEAD.

JURISDICTION: PRACTICE IN EQUITY.—Where a subject matter of controversy is already in possession of a Court of competent jurisdiction, public policy and judicial comity require that its action should not be interfered with by any other Court of concurrent jurisdiction.

Although it may have formerly been the practice that the question of jurisdiction could be raised only by plea, it is now clear that such defence may be taken by answer, and as soon as the Court is judicially informed of the prior suit, it will dismiss the subsequent proceedings.

Although the general rule in Chancery upon motions to dissolve, is to go no further than to dissolve, or continue the injunction until final hearing, such rule must be subject to the exception of objections to the jurisdiction, which being established, at once terminate the proceedings in which they are relied on, whether taken by plea or answer.

APPEAL from the Equity side of the Superior Court of Baltimore City:

This is an appeal from a decree of the Superior Court of Baltimore City, dissolving an injunction previously granted in the case, and dismissing the bill of complaint of the appellants. The injunction was to restrain "Adam Denmead, (the appellee,) his servants, agents and employees, from selling or disposing of any portion of the real estate conveyed to him" by certain deeds of trust filed with the complainant's bill as exhibits A, B, and C.

The deed of trust, exhibit A, was executed on the 30th day of October 1860, whereby the appellant, Charlotte Withers and her children, also appellants, conveyed all their real estate and interest in said lands, and also in another part of the Calder estate then and still in litigation with other parties, to said Denmead and his heirs, in trust and confidence that he should sell at public or private sale in such manner and on such terms as he might deem expedient, the estate and interest of the grantors in the premises, as also the estate and interest of such other parties in interest as might thereafter execute and deliver similar deeds of trust (the trustee being empowered to execute conveyances and acquittances, prosecute and

appear to suits relating to the property, &c.); that after the payment of the trustee's commissions and the necessary and reasonable expenses of the trust, he should set apart so much of the net proceeds of sale as should be the fair valuation of the life estate of the said Charlotte Withers, pursuant to the rule of Courts of Equity, out of which he should pay all valid mortgages, judgment liens and other encumbrances, binding the interest of said Charlotte, according to the legal rights and privileges of said encumbrances, and according to her just indebtedness; that he should divide the balance of the net proceeds of sale into three equal parts, out of one of which he should pay and discharge all valid mortgages, judgments, liens and other encumbrances binding the interest of the said Edwin D. Withers in said property, according to the legal rights and priorities of said encumbrances, and according to his just indebtedness; out of another all such encumbrances affecting the interest of Susannah; and out of the third all such encumbrances affecting the interest of Charlotte A.; and that the residue of their respective portions, after paying the said encumbrances according to the fair and just obligation of each of the said parties, the said trustee should pay over to the said grantors respectively.

The deeds, exhibits B and C, in conformity with this, and completing the conveyance of the property to Adam Denmead upon the said trusts, were also executed by Michael P. C. Withers and wife, and Christian Ehrman and wife.

On the 22d day of October 1861, the trustee having duly filed a bond, conditioned for the proper execution of his trust, with the clerk of the Circuit Court for Baltimore County, in conformity with the 81st Article of the Code, section 116, made sale of 513 acres for the sum of $12,163, and, after making said sales, filed in the said Circuit Court sitting as a Court of Equity, his petition

and report setting forth his proceedings, and praying that the fund arising from thence and from the future sales of said trust estate might be appropriated and distributed under the direction of the Court. An order of ratification *nisi* was passed. Afterwards Charlotte Withers and her children Edwin D., Susannah and Charlotte A., appeared in said Court and filed a petition objecting to the ratification of said sales, and praying that the same might be set aside, and the report of the said trustee rejected.

The trustee answered the exceptions; and upon the further petition of the said Charlotte Withers and others, leave was granted to take testimony, and the same having been taken and returned, the matter was set down for hearing. After hearing, the Court, (PRICE, J.,) passed an order on the 31st January 1862, overruling the exceptions, and refusing the prayer of the exceptants, and from that order the exceptants appealed. That, however, is not the appeal now before this Court. The trustee then proceeded to advertise the remainder of the land, about 700 acres, proposing to offer it at auction on the 8th of April 1862, upon the terms of one-third cash, and the balance on a credit of six, twelve, eighteen and twenty-four months, with interest.

On the 31st March 1862, the bill of complaint of Edwin D. Withers, Charlotte Withers, Charlotte A. Withers, Susan Withers, Christian Ehrman and his wife Sophia Ehrman, was filed in the Circuit Court for Baltimore City, praying that said sale might be injoined, the said trustee removed, and some other person appointed in his place, the contract between said Denmead and the complainants, under which he had assumed the trust rescinded, and for general relief. Michael P. C. Withers and his wife were made parties defendant. Upon this bill (which gave no intimation of the proceedings in the Circuit Court for Baltimore County,) an injunction was

18      v. 22.

granted.   The case was then removed into the Superior Court.

Adam Denmead filed his answer on the 7th of May 1862, denying the vague allegations of the bill.

Christian and Sophia Ehrman, who had been made parties complainants, then filed a petition in the cause, signed by themselves, in which they stated that having been recently informed of the institution of the suit, and that they had been named as plaintiffs therein, whereas, they had no desire to prosecute the same, but on the contrary wished that the said Denmead should proceed to sell the property as proposed by him without any unnecessary delay, and had so informed him by letter, they prayed that the bill might be dismissed, and the injunction dissolved.

Michael P. C. Withers, the other non-resident child of Mrs. Withers, with his wife, filed an answer, also approving of the conduct of the trustee, and praying that the sale of the property might be proceeded with.

The cause was then heard on motion to dissolve the injunction, whereupon the Court below, (MARTIN, J.,) passed an order dissolving the injunction and dismissing the complainants' bill with costs, and filed the following opinion:

"In this case, it is apparent from an authenticated copy of the record of the proceedings of the Circuit Court for Baltimore County, marked exhibit A. D., No. 1, and filed in the cause as a part of the answer of Adam Denmead, that at the time, and before the institution of this suit the Circuit Court for Baltimore County was in the full possession of the case, in reference to all matters connected with the execution of this trust, and the ability, integrity and fidelity of the trustee; and under such circumstances, the proposition, that this Court cannot entertain the cause, and has no jurisdiction over the subject covered by the bill, is now too firmly established to be

disputed. *Brooks vs. Delaplaine*, 1 *Md. Ch. Dec.*, 351. *Snyder vs. Snyder*, 1 *Md. Ch. Dec.*, 295. *Winn vs. Ross & Albert*, 2 *Md. Ch. Dec.*, 42. *Brown & Brown vs. Wallace & Mitchell*, 4 *G. & J.*, 479. *Albert vs. Winn & Ross*, 7 *Gill*, 446.

"The question of jurisdiction has been submitted by the answer, supported by an exhibition of the proceedings of the Circuit Court for Baltimore County, and the posture of the case is thus presented to the view of this Court. This is sufficient, upon the opinion of Chancellor BLAND in *Brown & Brown vs. Wallace & Mitchell*, as reported in 4 *G. & J.*, 493. It is never necessary in a case like this to raise an objection to the jurisdiction by plea.

"The Court in refusing to exercise authority over a subject already in the possession of another Court, does so, not merely in reference to the subject of the contestants before it, but upon the ground of judicial comity, and for the purpose of guarding against conflict and collision between the co-ordinate equity tribunals of the State. A strict adherence to this rule is absolutely necessary to secure harmonious movements to the Courts, and when therefore the true position of the case appears from the answer and the record, the Court will of its own accord dismiss the bill for want of jurisdiction. In accordance with these views this bill must be dismissed."

From said order dissolving the injunction and dismissing the bill, the complainants, Edwin D., Charlotte, Charlotte A., and Susan Withers appealed.

The cause was argued before BOWIE, C. J., and BARTOL and GOLDSBOROUGH, J.

*P. McLaughlin*, for the appellants.

1st. We insist that the decree must be reversed for the reason that the Court passed a final decree, when only the

motion to dissolve the injunction was before it.    *Dorsey vs. Hagerstown Bank,* 17 *Md. Rep.,* 408.

2nd. Exceptions were taken to the answer, for insufficiency, some of which, we submit, were well taken.

The first was taken inadvertently, as the answer admits the contract. The others are well taken, and if so, the Court could not dissolve the injunction. *Bouldin vs. the Mayor & C. C.,* 15 *Md. Rep.,* 18.

3rd. The Court erred in regarding the proceedings in the Circuit Court for Baltimore County, as a bar to the proceedings in this cause; because, if the defendant meant to rely on those proceedings, as a bar, he ought to have pleaded it as such.

On this point, although it is sometimes said, that objection on the ground of jurisdiction may be taken by motion, demurrer, plea, or answer, a more accurate examination of the cases will lead to the conclusion that this rule only applies when the bill of complaint fails to make a case within the jurisdiction of the Court.

An objection on the ground for want of jurisdiction, where the bill of complaint makes a case within the jurisdiction, can only be taken by plea, and cannot be taken by answer. *Livingston vs. Story,* 11 *Peters,* 351, 393. *Dodge vs. Perkins,* 4 *Mason C. C. R.,* 435.

In *Drury vs. Connor,* 1 *H.* & *G.,* 220, 230, 231, the Court, Chief Justice BUCHANAN, says: "The bill upon the face of it disclosing matter sufficient to give jurisdiction to the Court of Chancery, it was not a case fit for a demurrer, and if in point of fact William W. Connor was not a minor at the time Henry C. Drury acquired possession of the land, it ought to have been pleaded, and cannot now be taken advantage of." Seealso, *Gibbs vs. Claggett,* 2 *G. & J.,* 14, 28. In the case of *Carroll vs. Lee,* 3 *G. & J.,* 504, there is a synopsis of the bill and answer at page 505. 2 *Daniel Ch. Pr.,* 615, 677, 687, 717. *Story Eq. Pl., secs.* 10, 705, 707, 708 and 712 to 716.

Withers et al. *vs.* Denmead.

4th. But if the question of jurisdiction can be raised by the answer, we presume it will be necessary to state everything in the answer that would be necessary to be set up in a plea for the same purpose. *Story Eq. Pl.*, *secs.* 736, 737. A plea of this sort (another suit pending) should set forth with certainty the commencement of the former suit, its general nature, and character, and objects, and the relief prayed; and should aver that this suit is for the same subject-matter, and that the proceeding in the former suit is for the same purpose.

The allegations of the answer fall far short of this. See the note to sec. 737. *Gracias vs. Ricardo*, 14 *Simons*, 265.

5th. But suppose we are in error in the views we have presented in the four preceding points, we insist the Court erred in allowing the matter set up in the answer to bar the suit, as the present bill of complaint presents objects and purposes and an extent differing entirely, and going far beyond the report of the trustee. For authorities on this point, I refer to those on the two preceding points. *Brown et al. vs. Wallace et al.*, 4 *G. & J.*, 479, 507.

6th. Is the matter in the bill of complaint, with the depositions in support of it, sufficient to give the Court jurisdiction? Of this we presume there can be but litle doubt. A trustee must protect the trust property, and exercise the same care in its management that a prudent man would exercise in regard to his own property. 2 *Story Eq. J.*, secs. 1272, 1273, 1275, 1289. *Johnson vs. Eaveson*, 3 *Iredell*, 330 to 334. *Downes vs. Grazebrook*, 3 *Merr.*, 200, 207. Every trustee for sale is bound to bring the trust estate to sale, under every possible advantage to the interest of the *cestui que trust*. See cases last referred to, and *Malthie vs. Edwards*, 33 *Eng. C. Rep.*, 465. *Hunt vs. Bass*, 2 *Dev. Eq.*, 297. *Hill on Trustees*, 712. 1 *Dan. Ch. Pr.*, 715. *Lewin on Trusts*, 415. *Bell vs. Webb*, 2 *Gill*,

163, 269. When there is no necessity for an immediate sale it will be a breach of duty on the part of the trustee to bring the trust property to a sale under disadvantageous circumstances. *Quarles vs. Lacey,* 4 *Munford,* 251. If the trustee be influenced by private or selfish motives, and the sale is for an inadequate price, it will be void. *Wormley vs. Wormley,* 1 *Brock,* 230. 8 *Wheat.,* 421. *Ricketts vs. Montgomery,* 15 *Md. Rep.,* 46, 51.

As to the inadequacy of price, the Court will not set aside a sale for inadequacy, unless the sum reported by the trustee is so grossly inadequate as to indicate a want of reasonable judgment and discretion in the trustee; but where any other just cause appears to doubt the propriety of the sale, it is a consideration very proper to be viewed with it, that the sale has been made at a reduced price. *Glenn vs. Clapp,* 11 *G. & J.,* 1, 9. *Doub vs. Barnes,* 4 *Gill,* 1. *Brown vs. Stewart,* 1 *Md. Ch. Dec.,* 87, 193.

*Wm. B. Hill* and *A. W. Machen,* for the appellee.

I. The appellee submits that the order appealed from was perfectly right on the ground on which it was placed by the Court below, that is to say, the fact that the Circuit Court for Baltimore County was already in possession of the subject-matter of the trust, and of all things connected with the execution of it. This fact was not disclosed by the bill, and consequently was not known to the learned Judge who granted the injunction.

II. The bill was properly dismissed. The appellants and the appellee are parties to the cause instituted and pending in the Circuit Court for Baltimore County, the subject-matter is peculiarly appropriate to that Court, and its jurisdiction has attached. *Brooks vs. Delaplaine,* 1 *Md. Ch. Dec.,* 351. 1 *Code,* Art. 81, secs. 116, 117, 118. *Brown vs. Wallace,* 4 *G. & J.,* 479. *Snyder vs. Snyder,* 1 *Md. Ch. Dec.,* 296. *Winn vs. Albert,* 2 *Md. Ch. Dec.,*

53, 54. *Albert vs. Winn & Ross*, 7 *Gill*, 446, 482, 484, 487.

And not only is the assumption of jurisdiction by the Superior Court forbidden by general motives of judicial comity, but the propriety of declining to exercise it is fully vindicated by a consideration of the practical consequences of a different course.

The Circuit Court for Baltimore County must act in the premises, and it is not for another Court of Equity to assume to do what may prove an interference with its action. *Albert vs. Winn*, 7 *Gill*, 484. *Brown vs. Wallace*, 4 *G. & J.*, 493. *Brooks vs. Delaplaine*, 1 *Md. Ch. Dec.*, 355.

If all the relief sought by the complainants be not obtainable in the very cause now pending in the Circuit Court for Baltimore County, it is their duty to seek it in another proceeding in that Court. *Snyder vs. Snyder*, 1 *Md. Ch. Dec.*, 296. *Albert vs. Winn*, 7 *Gill*, 484.

The question of jurisdiction is sufficiently raised in the pleadings, by the answer of Adam Denmead. *Brown vs. Wallace*, 4 *G. & J.*, 493. *Mitf. Pl.*, 11. The trustee having no desire to avoid a discovery, it was not necessary to raise it by plea. *Mitf. Pl.*, 308.

III. But even if no objection lay to the jurisdiction, it is clear, upon the evidence, that there was no ground for continuing the injunction.

Bowie, C. J., delivered the opinion of this Court.

The object of the bill in this case, as indicated by the prayer for relief, is, that the appellee may be removed from the trust created by certain deeds referred to, and another appointed in his stead; that a contract between the appellants and appellee, for certain extra compensation be cancelled, and the appellee enjoined from selling or disposing of *any portion of the real estate* conveyed to him by said deeds.

·The allegations of misconduct upon which this prayer is based, are not necessarily involved in the present consideration of this appeal. Suffice it to say they are broadly denied by the answers, and not sustained by the evidence.

The appellee relies on the facts, that before the institution of this suit, he had given bond as required by law; duly reported his sales and other proceedings to the Circuit Court for Baltimore County, in which the complainant had appeared and filed exceptions, which after evidence taken and hearing of arguments, the Circuit Court had overruled, from which order overruling the exceptions the appellants had taken an appeal to the Court of Appeals, which appeal is still pending: wherefore, he submits, "how far this Court or the Circuit Court of Baltimore City ought to take jurisdiction in the premises, seeing that the subject of the execution of said trust is already before the Circuit Court for Baltimore County," in the Equity proceedings therein above mentioned and exhibited.

The answer of the appellee being filed, an order was passed, on his motion to dissolve, setting down the motion for hearing on the 16th May 1862, with leave to the parties or either of them, to take testimony upon notice to the opposite party.

Afterwards, on the 16th June 1862, it was ordered and decreed by the Superior Court of Baltimore City, sitting as a Court of Equity, that the injunction heretofore granted in this case be dissolved, and that the bill of complaint be dismissed with costs, from which decree this appeal is taken.

The learned Judge below, in his opinion preceding this order says: "In this case it is apparent from an authenticated copy of the record of the proceedings of the Circuit Court for Baltimore County, marked exhibit A. D., No. 1, and filed in the cause as part of the answer of Adam

Denmead, that at the time and before the institution of this suit, the Circuit Court for Baltimore County was in the full possession of the case, in reference to all matters connected with the execution of the trust, and the ability, integrity and fidelity of the trustee, and under such circumstances, the proposition that this Court cannot entertain the cause, and has no jurisdiction over the subject covered by the bill, is now too firmly established to be discussed;"—for which he referred to *Brooks vs. Delaplaine*, 1 *Md. Ch. Dec.*, 351. In that case Chancellor JOHNSON says: "There is no instance, as remarked by the late Chancellor, in *Brown vs. Wallace*, 1 *G. & J.*, 497, in which either one of the English Courts has attempted to hinder, or stay *any part of the proceedings*, in a suit which had been rightly instituted, and was then progressing in another; nor has it ever been intimated, that either of these Courts could call before it the parties to a suit depending in the other, to give an account of acts done under the authority of the other. The rule established by that case, both by the reasoning and judgment of the Chancellor, and by the Court of Appeals, is this: That when two Courts have concurrent jurisdiction over the same subject-matter, the Court in which the suit is first commenced, is entitled to retain it."

It is contended on the part of the appellants, that the principles herein referred to, have no application to the case at bar; that the proceedings in the Circuit Court of Baltimore County, were under a special limited jurisdiction, for a single object, relating to the revenue, and as far as they exceeded that object, they were irregular and *coram non*. The character of a proceeding in equity is determined rather by the allegations, and relief prayed, than the title it assumes. *Ridgely vs. Bond & Wife*, 18 *Md. Rep.*, 433.

The petition of Adam Denmead prays, "that the fund *arising from said sales, and the future sales to be made,* be

19    v. 22.

appropriated and distributed among the parties entitled, under the direction of this Court, and that such other action may be had in the premises as the case may require."

This proceeding tested by the standard above referred to, was not merely a compliance with the obligation imposed upon the trustee, by the bond executed by him, under sec. 116, of Art. 81 of the Code, but an application to the Court as a Court of Equity, to supervise and direct the execution of the trust. The absence of a prayer for *subpœna* was a material defect, which might have been fatal, but for the subsequent voluntary appearance of the appellants. The appellants' counsel admits, that "this intervention of the appellants in that cause, for the purpose of setting aside the sales, made a real case where none existed previously, and the decision bound them upon the subject-matter of that contest." It is true, the questions presented by the exceptions, related exclusively to the ratification of the sales then pending, but the prayer of the appellants' bill embraced those sales, as well as future sales; it is: "that Adam Denmead be restrained from selling or disposing of any portion of the real estate, conveyed to him by said deeds," that he be removed, etc. How could Adam Denmead comply with an order of the Circuit Court for Baltimore County, directing him to convey the lands already sold, and the exceptions to which sales were overruled, if in the meantime the Superior Court of Baltimore City enjoined him from so doing? The danger of collision is so imminent, that public policy as well as judicial comity requires that the Court of co-ordinate jurisdiction, first in possession of any portion of the subject-matter, should not be disturbed by any other Court.

It is contended further, that the question of jurisdiction can be raised only by plea, for which the appellants refer to 2 *Danl. Ch. Pr.*, 717. *Story's Eq. Pl.*, secs, 10 and 11, and early Maryland cases. However the practice may

Withers et al. *vs.* Denmead.

have been formerly, it is clear from the cases of *Brooks vs. Delaplaine*, 1 *Md. Ch. Dec.*, 351; *Dunnock vs. Dunnock*, 3 *Md. Ch. Dec.*, 141, and *Albert & Wife vs. Winn & Ross*, 7 *Gill*, 446,—that such defences may be taken by answer; and as soon as the Court is judicially informed of the prior suit, it will dismiss the subsequent proceedings.

The objection that it was error in the Court below, to dismiss upon a motion to dissolve, is made without weighing the legal effect of a plea to the jurisdiction. Such a plea at law or in equity, if found for the defendant, would arrest all other proceedings; and although the general rule in Chancery is, upon motions to dissolve, to go no further than to dissolve or continue the injunction until final hearing, such rule must be subject to the exception of objections to the jurisdiction, which being established, at once terminate the proceedings in which they are relied on, whether by plea or answer; otherwise, we should have the anomaly of a Court entertaining a cause after it had been declared it had no authority to do so. The decree or order of the Court, dissolving the injunction and dismissing the bill, will be affirmed, with costs to the appellee.

*Decree affirmed.*

(Decided October 21st 1864.)