JAMES H. PRESTON *vs.* EDWIN W. POE, STUART
S. JANNEY AND ERNEST J. CLARK, RECEIVERS
OF THE UNITED SURETY COMPANY.

*Co-ordinate Courts; jurisdiction first attached; Circuit Court
No. 1 and the Circuit Court of Baltimore City.   Receiv-
ers; appointment; appeal; right of—;
Code, Art. 5, sec. 26.*

The Circuit Court of Baltimore City and the Circuit Court
No. 2 of Baltimore City have concurrent equity jurisdiction.
p. 5

In general where co-ordinate Courts are equally entitled to
take cognizance of a particular subject of judicial inquiry,
the jurisdiction first invoked is exclusive. p. 5

A stockholder filed a bill in Circuit Court No. 2 of Baltimore
City, alleging the insolvency of the corporation, and praying
for the appointment of a receiver; the dissolution of the cor-
poration, and for general relief; pending the action of the
Court on that petition, and before such a receiver was
appointed, a majority of the stockholders filed a bill in
another Court, the Circuit Court for Baltimore City, alleg-
ing that the corporation was solvent, but that its business
was not profitable, and prayed that a receiver be appointed
to take charge of its property, assets, etc., and wind up its
affairs.   The corporation filed an answer admitting the alle-
gations of the bill and consenting to the appointment of a
receiver, which was done accordingly.   The petitioner in the
first proceeding intervened by petition in the second proceed-
ing, and prayed for leave to appear without subjecting him-
self to the Court's jurisdiction, but merely for the purpose of
questioning its jurisdiction and praying the Court to rescind
the order appointing the receiver, on the ground that the
other Court had jurisdiction over the same subject-matter;

*held,* that there was a material difference between the first proceeding, which was a statutory one directed to the involuntary dissolution of the corporation on the ground of its insolvency, and the second bill which was for the appointment of a receiver to prevent loss to the stockholders, pending the voluntary dissolution of the corporation as a solvent concern.

p. 5

Sec. 26 of Art. 5 of the Code does not restrict the right of appeal to those who are technical parties, but an appellant must show that he has a direct interest in the subject-matter or litigation.                    p. 6

A stockholder has no right to appeal from a judgment against the corporation.                    p. 6

The mere passage of the order in the second case, pending the petition in the first, to enter a special appearance, for the purpose of objecting to the Court's jurisdiction, does not give the petitioner such a special interest as to give him the right of appeal.                    p. 6

An applicant for a receivership is not entitled, merely because of the pendency of his application, to appeal from the action of a separate Court, for the purpose of questioning its jurisdiction to entertain a suit for the same purpose.                    p. 7

*Decided June 23rd, 1911.*

Appeal from the Circuit Court of Baltimore City (HEUISLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, URNER and STOCKBRIDGE, JJ.

*S. S. Field,* for the appellant.

*George R. Gaither* and *Stuart S. Janney* (with whom was *Albert C. Ritchie,* on the brief), for the appellees.

URNER, J., delivered the opinion of the Court.

The appellant is a stockholder of the United Surety Company, a corporation of this State. On December 24th, 1910,

he filed a bill in the Circuit Court No. 2 of Baltimore City
for the dissolution of the company and the appointment of
receivers to take charge of its assets, convert them into money
and make distribution among those entitled. This action was
sought on the ground that the business of the company was
being conducted at a loss and that it was insolvent. An order
was passed requiring the defendant corporation to show cause
within a stated time why receivers should not be appointed
as prayed. The company demurred to the bill, and also filed
an answer denying that it was insolvent. The demurrer was
set for hearing on January 16th, 1911. Three days prior to
that date other stockholders of the company, owning a major-
ity of its capital stock, filed a bill in the Circuit Court for
Baltimore City, alleging that though the corporation was sol-
vent its capital had become impaired in such manner and
to such extent as to incapacitate it for the further prosecu-
tion of its business, and to subject the holders of its stock to
constant and increasing loss. It was averred that a meeting
of the stockholders had been called by the directors in order
that resolutions might be adopted looking to a dissolution. It
was also stated that on January 11th the Insurance Commis-
sioner of Maryland had notified the company not to engage
in any new transactions until its capital should be restored.
The bill then alleged that the continuance of the corporation
as a going concern, without revenue from new business, pend-
ing action by the stockholders, would not only be a waste of
its assets, but would subject it to the necessity of paying in
cash all claims presented, while the extent to which it might
be liable on other claims not yet matured would remain unde-
termined, so that justice to those interested required that
receivers be at once appointed to take charge of the assets of
the company, ascertain its liabilities and protect the rights of
all concerned. The specific relief prayed for was that receiv-
ers be appointed to take charge of the property of the corpora-
tion and wind up its business; that its officers and agents be
required to deliver up its assets, books and papers to the
receivers and refrain from interfering with their possession,

and that a day be fixed by which claims should be filed. There was also a prayer for general relief. Simultaneously with the filing of this bill the company answered admitting the facts alleged and consenting to the receivership. An order was thereupon passed appointing the appellees receivers of the company subject to the further order of the Court. On the following day the appellant filed a petition in the case just mentioned containing the preliminary statement that he appeared by his solicitors specially and solely for the purpose of objecting to the jurisdiction of the Court to entertain the proceeding. The petitioner alleged the pendency of the prior suit instituted by himself for a receivership in Circuit Court No. 2 of Baltimore City, a Court of concurrent jurisdiction with that to which the petition was addressed, and claimed that the former Court had thus acquired exclusive jurisdiction of the entire subject-matter of the suits, and that the Circuit Court of Baltimore City was, therefore, without jurisdiction to pass the order of appointment in question. There was a prayer for leave to appear for the purposes of the petition, without subjecting the petitioner to the jurisdiction of the Court, and for a rescission of the order creating the receivership. A copy of the earlier bill and of the order to show cause in that proceeding was exhibited with the petition. The Circuit Court passed an order permitting the appellant to appear in the second suit specially for the purpose of filing and prosecuting his petition, and the receivers were required to show cause why the order of their appointment should not be rescinded. The latter answered, denying that the Circuit Court No. 2 had acquired exclusive jurisdiction as to the matters presented in the second proceeding, which was asserted to be based upon a different cause of action and to be properly cognizable by the Circuit Court notwithstanding the pendency of the prior suit. A general replication was filed to the answer and evidence was offered in support of the allegations of the petition. After a hearing the petition was dismissed

by the Circuit Court. The present appeal is from its order to that effect and also from the order appointing the receivers.

The question which the appellant desires to have determined is whether the Circuit Court of Baltimore City had any jurisdiction to create a receivership for the corporation in which he is interested pending a proceeding for that object in Circuit Court No. 2. These two Courts are possessed of concurrent equity jurisdiction, and the appellant invokes the well-established doctrine that as between co-ordinate Courts equally entitled to take cognizance of a particular subject of judicial inquiry the jurisdiction first invoked is exclusive. *Wright* v. *Williams,* 93 Md. 70; *Withers* v. *Denmead,* 22 Md. 145; *Brooks* v. *Delaplaine,* 1 Md. Ch. 351; *Brown* v. *Wallace,* 4 G. & J. 479; *Albert* v. *Winn,* 7 Gill, 446. "This rule," as was said in *Brooks* v. *Delaplaine, supra,* "would seem to be vital to the harmonious movement of Courts whose powers may be exerted within the same spheres, and over the same subjects and persons," and "The only course of safety, therefore, is, when one Court having jurisdiction over the subject has possession of the case, for all others, with merely co-ordinate powers, to abstain from any interference." In view of the repeated emphasis which has been given to the rule, and the serious complications which it is intended to prevent, we have no reason to doubt that it would have been applied, in the present instance, by the Court below, but for its conclusion, as we gather from the argument, that there was a material difference between the theories and purposes of the two suits under consideration. The first was a statutory proceeding directed to the *involuntary* dissolution of the corporation, upon the ground of its *insolvency,* under section 376 of Article 23 of the Code of Public General Laws, as amended by Chapter 240 of the Acts of 1908, while the second bill appears to have invoked the general equitable aid of the Court for the appointment of receivers to prevent loss to the stockholders pending action on their part looking to the *voluntary* dissolution of the corporation as a *solvent* enterprise in a proceeding to be taken in its own name under

6 PRESTON vs. POE.

Opinion of the Court. [116

separate provisions of the *Code,* Article 23, section 379; Acts of 1908, Chapter 240. The question whether, under such conditions, the rule as to the exclusiveness of the jurisdiction first assumed has controlling effect, is one of considerable interest; but a motion to dismiss the appeal requires us to first ascertain whether the question is properly before us for determination.

It is provided by section 26 of Article 5 of the Code that: "An appeal shall be allowed from any final decree, or order in the nature of a final decree, passed by a Court of equity by any one or more of the persons parties to the suit, with or without the assent or joinder of plaintiffs or co-defendants in such appeal." While it has been held that this provision does not restrict the right of appeal to those who are technical parties to a suit, yet it is also well settled that an appellant must be able to show that he has a direct interest in the sub-ject-matter of the litigation. *Hall* v. *Jack,* 32 Md. 262; *Rau* v. *Robertson,* 58 Md. 508; *Grabill* v. *Plummer,* 95 Md. 60; *Cecil* v. *Cecil,* 19 Md. 72; *Johns* v. *Caldwell,* 60 Md. 259; *Lurman* v. *Hubner,* 75 Md. 268; *Haskie* v. *James,* 75 Md. 568; *Stewart* v. *Codd,* 58 Md. 86; *Frey* v. *Shrewsbury Bank,* 58 Md. 151; *Glenn* v. *Reid,* 74 Md. 238; 2 *Cyc.* 628, 629. In the first of the cases just cited, which was relied upon by the appellant in this connection, the decree from which the intervenor appealed not only dismissed his petition but concluded his rights in respect to the fund in controversy. It was held, therefore, that, while not a technical party to the suit, he had such an interest in the subject of the litiga-tion as to entitle him to maintain the appeal. In the pres-ent case the appellant has not referred to any interest of his own upon which a right of appeal is predicated. The mere passage of the order permitting his special appearance for the puropse indicated does not give him such an interest. *Knabe* v. *Johnson,* 107 Md. 619. It is well settled that he has no standing as a *stockholder* to appeal from a judgment against the corporation. *Ex parte Cutting,* 94 U. S. 14; *White Brass Castings Co.* v. *Union Metal Mfg. Co.,* 232 Ill.

165; and we do not understand that he has intervened in that capacity. Under the special conditions here existing it is obvious that his interests as a stockholder have been given the precise form of protection he desires. There was consequently no proposal on his part to enter the subsequent suit for the purpose of making a contest on the merits. The only ground of objection relied upon here is the pendency in a Court of concurrent jurisdiction of an earlier and similar action in which the objector occupied the position of plaintiff. We have found no case involving a conflict of jurisdiction in which the question at issue was raised by one in the situation of this appellant. Such questions are usually presented in cases of this character by defendants who are confronted with two or more proceedings on the same cause of action, or by rival receivers claiming under separate appointments. It is, of course, entirely reasonable that the appellant should desire to prosecute the suit he has instituted to a successful conclusion; but the difficulty here is to discover any interest on his part in the second suit which can be recognized as sufficient to justify his intervention for the purpose of an appeal under our statute. Certainly he can not be regarded as having a vested right to a receivership in the action first pending. It is not to be conclusively presumed that he would succeed in proving the jurisdictional fact of insolvency upon which he relies. His status at present is simply that of an applicant for a receivership which might never be granted upon the merits of the case he has alleged. In fact it is not contended that his interest as plaintiff in the prior action has been affected in any way by the later proceeding. On the contrary, the appellant's theory that the Circuit Court was without jurisdiction is apparently inconsistent with the idea that he has been prejudiced by the orders from which he has appealed. In our opinion an applicant for a receivership is not entitled, merely because of the pendency of his application, to appeal from the action of a separate Court for the purpose of questioning its jurisdiction to entertain a suit

for the same purpose. The motion to dismss the appeal must therefore prevail.

*Appeal dismissed.*

STOCKBRIDGE, J., dissented.