## S. FRANKLYN WOODCOCK *v.* RUTH PRICE WOODCOCK

[No. 29, April Term, 1935.]

*Decided June 18th, 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Alexander Armstrong* and *F. Leonard Wailes* for the appellant.

*George Weems Williams* and *Clarence W. Miles*, with whom were *Marbury, Gosnell & Williams*, and *Miles & O'Brien*, on the brief, for the appellee.

MITCHELL, J., delivered the opinion of the Court.

The appeal in this case brings before this court, for review, the propriety of a ruling of the chancellor in the Circuit Court No. 2 of Baltimore City upon a purely jurisdictional question, and the facts upon which that question is raised are as follows:

Ruth Price Woodcock on December 19th, 1934, filed her bill of complaint in the Circuit Court No. 2 of Baltimore City against S. Franklyn Woodcock, in which she alleged that she and the defendant were married on April 25th, 1928, in Salisbury, Wicomico County, Maryland, and that she and the said defendant had continuously resided in Maryland since the date of their marriage; that notwithstanding her own conduct toward her husband had always been that of a kind, chaste, and affectionate wife, he had, without just cause or reason, abandoned and deserted her, and had compelled her on or about July 1st, 1934, to leave their home in Wicomico County, where they were then residing.

She further alleged that since the abandonment and desertion the defendant had failed and refused to contribute to her support, and that thereafter, on or about No-

vember 11th, 1934, she, on becoming convinced that her husband had finally abandoned and deserted her, and that he did not intend to contribute further toward her support or maintenance, had moved to Baltimore City for the purpose of seeking employment with the intention of residing in said city, and, as a matter of fact, she had so resided in said city at 3333 North Charles Street with her parents since November 11th, 1934, and had established, and intended to maintain, her domicile in said city.

The plaintiff further alleged that her husband, the defendant, was a real estate broker and agent, with his principal office and residence in the City of Salisbury, but was engaged in business in various sections of the states of Maryland, Delaware, and Virginia, and finally alleged that the value of his estate was over $200,000 and that his annual income was not less than $15,000.

Upon these allegations the plaintiff then prayed that she "may be decreed to be entitled to receive and that the defendant may be required to pay to her by way of alimony, such an allowance out of his estate and income for the support and maintenance of herself as may be proportioned and appropriate to his means and station in life." Then followed a prayer for an allowance of alimony *pendente lite* and of a counsel fee and also a prayer for general relief in the usual form.

A summons was accordingly issued out of Circuit Court No. 2 of Baltimore City, and the same was served upon the defendant by the sheriff of Wicomico County in said county on December 21st, 1934, and duly returned.

On December 27th, 1934, the defendant, S. Franklyn Woodcock, filed a bill of complaint in the Circuit Court for Wicomico County against his wife, the said Ruth Price Woodcock, in which, after making the necessary allegations, he prayed for the passage of a decree granting him a divorce *a mensa et thoro* from his said wife on the ground of desertion and abandonment.

The day following his institution of the suit in Wicomico County, the said S. Franklyn Woodcock, through his

counsel, appeared specially in the Baltimore City case, and under oath filed a plea, which in substance denied the jurisdiction of the Baltimore court.

Briefly, the plea set forth the residence of the respective parties to the suit; alleged that the defendant had continuously resided in Wicomico County; that he had not engaged in any regular business or employment in Baltimore City; that the sheriff or coroner had not returned a *"non est"* on a summons in said county against him; that he was not, therefore, subject to process in any civil action in equity of the nature of the case against him, out of the county of his residence, and prayed that the return of the sheriff upon the writ of *subpoena* issued from the Baltimore court against him be quashed, and that the original bill of complaint be dismissed.

Upon the aforegoing motion a hearing was had in Circuit Court No. 2 of Baltimore City on January 10th, 1935, at which hearing testimony bearing upon the residence of the respective parties to the suit was taken in open court, whereupon the learned chancellor announced his findings of fact to be:

"First. That the defendant, S. Franklyn Woodcock, at the time of the filing of this suit was and still is a resident of Salisbury, Wicomico County, State of Maryland.

"Second. That at no time within nine years or seven years, has he been doing business in Baltimore City, under the provisions of the Statute that refers to that status.

"Third. I find that the complainant, Mrs. Ruth Price Woodcock, is a *bona fide* resident of the City of Baltimore at this time and has been since the 11th day of November. So much as to the finding of fact."

The chancellor further observed that "Under the second heading and as to the law, I find that this is an action *in personam*. It is not within the divorce statute providing for the filing of the bill either in the domicile of the plaintiff or of the defendant; that it is not an applica-

tion for divorce *a mensa* or absolute, and that, therefore, as the bill now stands under the present ruling, the motion to quash the service should be granted."

But, notwithstanding the above conclusions, as modified by a subsequent reservation that at the trial of the case upon its merits the question of the residence of the plaintiff would be open to further proof, the chancellor on the same day granted leave to the plaintiff to amend her original bill of complaint. Under the amendment, the specific allegation is made that the abandonment and desertion of the plaintiff by the defendant is deliberate and final and beyond any reasonable hope of reconciliation, and an additional prayer for relief that the plaintiff may be divorced *a mensa et thoro* from the defendant, her husband, is added.

Immediately following the granting of said amendment the following orders in the case were passed:

"2.30 P. M., January 10th, 1935.

"After hearing in open Court (after luncheon recess) of the application for amending the prayer for general relief to specific relief, and other interlineation, and after permitting said amendment, the Court is of opinion that in view of the amendment, the case is in fact and form an application or bill for divorce and, therefore, comes within the statute as to forum where suit may be filed by complainant, and the motion herein should therefore be and is hereby overruled. (Exception allowed.)

"Eugene O'Dunne."

"Time to answer bill as amended is left open to and including Friday, January 25th, 1935—with leave also to defendant to apply for reduction of amount of alimony *pendente lite* if he care to, and to a hearing on said question, but in meantime the amount of alimony *pendente lite* is fixed at $50 a week, accounting from today, January 10th, 1935.

"Eugene O'Dunne."

It is proper to state that, before the passage of the last mentioned order, testimony was taken in open court,

for the purpose of fixing the amount of alimony *pendente lite*, and that, in all proceedings subsequent to the hearing on the motion from the ruling on which this appeal was taken, the defendant and his counsel refused to participate; this appeal being noted from the order overruling the motion to quash by counsel for the defendant, who again appeared in the case for the sole purpose of the appeal.

Section 37 of article 16 of the Code of Public General Laws of Maryland provides: "The courts of equity of this State shall have jurisdiction of all applications for divorce; and any person desiring a divorce shall file his or her bill in the court, either where the party plaintiff or defendant resides; or if the party against whom the bill is filed be a non-resident, then such bill may be filed in the court where the plaintiff resides."

Section 14 of the above article provides: "The courts of equity of this State shall and may hear and determine all causes of alimony, in as full and ample manner as such causes could be heard and determined by the laws of England in the ecclesiastical courts there."

Section 15 of said article provides that: "In cases where a divorce is decreed, alimony may be awarded."

And section 157 of article 75 of the above Code provides: "No person shall be sued out of the county in which he resides until the sheriff or coroner of the county in which he resides shall have returned a *non est* on a summons issued in such county; provided, that nothing herein contained shall apply to any person who shall abscond from justice in the county where he lives, but such person may be sued in any county where he may be found; and provided further, that any person who resides in one county but carries on any regular business, or habitually engages in any avocation or employment in another county may be sued in either county, whether before a justice of the peace or in a court of law or equity; this section not to apply to ejectment, dower, replevin, scire facias on judgment or decree, nor to heirs, devisees or

terre-tenants, against whom process may be issued to another county."

The power of the courts of this state to grant divorce is entirely statutory, and it was not until 1841 that such power was conferred upon them. But as early as 1689 the authority of the courts of Maryland to award alimony was recognized and exercised, and that authority has, since the latter date, been regarded as being inherent in equity jurisdiction and continuously exercised in this state. *Galwith v. Galwith,* 4 H. & McH. 477; *Dunnock v. Dunnock,* 3 Md. Ch. 140; *McCaddin v. McCaddin,* 116 Md. 567, 82 A. 554; *Outlaw v. Outlaw,* 118 Md. 498, 84 A. 383; *Hood v. Hood,* 138 Md. 355, 113 A. 895; *Wendel v. Wendel,* 154 Md. 11, 139 A. 573; *Wald v. Wald,* 161 Md. 493, 159 A. 97.

As hereinbefore indicated, the case before us presents a question of jurisdiction only. And, applying the above-quoted sections of the statute relating to alimony and divorce in this state to the facts in the instant case, we can find neither authority nor reason for bringing an alimony proceeding in a jurisdiction other than that in which the defendant resides.

It is affirmatively stated in section 15 of article 16 that: "In cases where a divorce is decreed, alimony may be awarded." But the section is entirely silent upon the converse proposition that in cases where alimony, and alimony alone, is sought, a divorce may also be decreed. Alimony by virtue of the statute has been constituted a possible incident to divorce; but we find no statutory authority which makes divorce a possible incident to alimony.

The authorities are in accord in construing a proceeding for divorce as being a proceeding *in rem,* and a proceeding for alimony as being one *in personam.*

In *R. C. L.* vol. 1, sec. 24, p. 884, this principle is thus stated: "Owing to the fact that an action for divorce is in the nature of a proceeding *in rem,* under certain circumstances a court may render a valid decree of divorce although it never acquired actual jurisdiction of the per-

son of the defendant. Such jurisidiction, however, though sufficient to support a decree changing the marital status, will not necessarily sustain a judgment for alimony and costs. A judgment for the latter cannot be supported on the ground that they are mere incidents of, and subordinate to, the right to a divorce; for a decree for the payment of money as alimony is essentially one *in personam,* and is therefore totally void in the absence of actual jurisdiction over the person or property of the one against whom it is awarded."

And in *McSherry v. McSherry,* 113 Md. 395, 77 A. 653, 655, it is said: "A decree for alimony is a decree *in personam,* and, unless the court has jurisdiction over the person against whom it is passed, it is not binding upon him; * * * nor does a special appearance for the purpose of objecting to the jurisdiction of the court confer upon that court jurisdiction to decree on the merits of the case."

A careful analysis of the above-quoted sections of the Code leads to the conclusion that a proceeding for divorce is an exception to the general provision that, in the absence of circumstances detailed in section 157 of article 75, no person shall be sued out of the jurisdiction in which he resides. And this exception is extended to a proceeding for alimony coupled with, or made incident to, a divorce proceeding, notwithstanding that a decree for alimony is in its nature distinctly *in personam,* and that the defendant may reside beyond the jurisdiction of the court passing the decree; provided, of course, that due process has been personally served and returned against such defendant. But, in spite of this conclusion, we cannot, and do not, here decide that a suit for alimony alone can be brought in a jurisdiction other than that in which the defendant resides. The purpose of the statute according a defendant, in other than the excepted cases, the right to be sued in the jurisdiction of his residence, and not in a jurisdiction foreign to him, is a salutary protection to all citizens of the state alike, and should be carefully guarded. It is evidently designed to accord a defendant the

right to defend in a jurisdiction which better suits his own convenience, and ordinarily is preferable to him; it tends to prevent vexatious suits, while at the same time being protected from abuse, through the right reserved in most cases of subsequent removal, upon applications seasonably made. For these reasons it should be maintained.

In other words, the right of either spouse to bring a suit for divorce *a mensa et thoro*, or absolute, in the jurisdiction in which either resides, is unquestioned. In addition to such right, the further authority to seek alimony, coupled with and incident to divorce, in appropriate cases, is conceded. But the right to seek alimony, and alimony alone, is confined to the jurisdiction in which the defendant resides; and a formal plea to the jurisdiction (in a case in which the suit is brought in a jurisdiction other than that in which such defendant resides) is a bar to recovery.

This appears to have been the conclusion of the chancellor in the instant case, and in that conclusion we concur. We do not concur, however, in the subsequent ruling, under the facts hereinbefore set forth, that an alimony proceeding can be amended to a divorce proceeding, in which alimony is made incident thereto, and a jurisdiction, admittedly ousted at one stage of the proceedings, reclaimed and successfully retained, over another jurisdiction, namely, the Circuit Court for Wicomico County, which latter court had meanwhile assumed jurisdiction in the premises.

In *Miller's Equity Procedure*, sec. 186, it is stated: "Under the privilege of amending, a party is not permitted to make a new bill; he cannot abandon the entire case made by the bill and make a new and different case by way of amendment. If the amendment proposed changes the character of the suit as originally instituted, and is inconsistent with and repugnant to the title set up and the relief sought by the bill, making in substance a new bill, it cannot be allowed."

In reaching our conclusion, we are not unmindful of the ruling of this court in the case of *Wald v. Wald, supra,* referred to in the carefully prepared brief of the appellee, as authority for her contention that a court of equity may engraft upon an original bill for alimony an amendment praying also for divorce. In that case the husband filed a bill for divorce on the ground of abandonment, and the wife, after answering, filed a cross-bill in which she alleged adultery on the part of her husband as a basis for alimony, but only prayed specifically that she be allowed (1) custody of her child; (2) an allowance for the support of herself and child and for counsel fees; and (3) such other and further relief as her case might require. The chancellor below denied the wife any relief, and awarded the husband a decree for divorce *a vinculo matrimonii.* Upon appeal to this court, the order of the lower court was reversed and the case remanded, with instructions awarding the wife a decree for absolute divorce, the custody of her child, and alimony. Subsequently the wife filed in this court a motion to modify its decision, to the extent that it awarded her an absolute divorce, whereas the relief desired by her was limited to temporary and permanent alimony, the custody and maintenance of the infant, and counsel fees. In disposing of that motion it was said: "While alimony is usually an incident of a decree for divorce, it may be obtained by an original proceeding wherein the wife alleges and proves the facts and circumstances which would entitle her to a decree for divorce. If her prayer for relief specifies alimony as the object of her suit, and does not mention divorce as an object desired, her bill of complaint is generally accepted as one for alimony only, although the prayer may conclude with a request for general relief."

It will be noted that in the next above case the original proceeding was one for divorce and not alimony, and that both the husband and wife were residents of Baltimore City at the time the original and cross-bills were filed. There was no jurisdictional question involved, and it will

be readily observed that the facts are in no way analogous to the facts now before us.

Having decided that there was error in granting the amendment, under the facts in this case, it is unnecessary for us to prolong this opinion with comment upon the fundamental principle of law that, when two courts have concurrent jurisdiction over the same subject-matter, the court in which the suit is first commenced is entitled to retain it, and the other co-ordinate court has no authority to interfere. The divorce suit was first instituted in the Circuit Court for Wicomico County, and it cannot now be supplanted by an amendment to an alimony case, in the Circuit Court No. 2 of Baltimore City. *Brooks v. Delaplaine*, 1 Md. Ch. 351; *Withers v. Denmead*, 22 Md. 135; *Preston v. Poe*, 116 Md. 1, 81 A. 178; and *Whiting v. Shipley*, 127 Md. 113, 96 A. 285.

For the reasons stated, the order appealed from will be reversed, and the bill of complaint dismissed.

> *Order appealed from reversed, and bill of complaint dismissed, with costs to the appellant.*

#### On Motion for Modification

The appellee having moved the court to direct the allowance to her of a reasonable fee for her counsel in the cause, and to require the appellant to pay the costs, the court, because of the lack of jurisdiction found, concludes that no counsel fees are allowable, but that the appellant, husband, should be required to pay the costs, and the order heretofore filed should be modified accordingly, to read:

> *Order appealed from reversed, and bill of complaint dismissed, with costs to be paid by the appellant.*