Johns *vs.* Caldwell, *et al.*

(Decided 19th June, 1883.)

HENRY V. D. JOHNS *vs.* ANNE R. CALDWELL, *et al.* JOHN T. JOHNS, Infant, by his next friend, JOHN JOHNS *vs.* SAME.

*Administrator pendente lite—Appeal.*

From an order of the Orphans' Court, directing the administrator *pendente lite* to sell at public auction all the personal property belonging to the estate of the deceased, and included in the inventory, which had not been already sold, except certain desig-

nated articles, the administrator *pendente lite*, as such, has no right to appeal.

Pending a contest over the validity of an instrument propounded for probate as the last will of A., a petition was filed in the Orphans' Court by B., claiming to be one of the heirs-at-law and next of kin of said A., asking the Court to pass an order requiring the administrators *pendente lite*, to sell the personal property belonging to the estate of the deceased. A petition was afterwards filed by C. claiming that the property mentioned in the petition of B. was specifically devised to him, and asking leave to be made a party to the said proceedings, or be permitted to answer the same. The Court rejected the petition and C. appealed. Subsequently the Court passed an order directing the administrators to sell at public auction all the personal property belonging to the estate of A. This order was passed after issues involving the testamentary capacity of the deceased, had been tried in the Court of law to which they were transmitted for trial, but before the appeal from the rulings of the Court had been heard and determined. On appeal these rulings, which were excepted to by the caveatee were affirmed, and as a consequence the caveat to the will was sustained. HELD:

That as the caveat to the will was sustained, C. claiming as a specific legatee, had no longer any interest in the personal estate, and his appeal must be dismissed.

APPEALS from the Orphans' Court of Baltimore County.

Pending litigation in respect of the validity of a paper propounded for probate as the last will of John Tolley Johns, deceased, Anne R. Caldwell, by her husband and next friend, on the 6th of September, 1882, filed her petition in the Orphans' Court of Baltimore County, asking for an order authorizing and requiring Henry V. D. Johns and Sarah W. Hodges, who had been appointed administrators *pendente lite* of the said deceased, to sell all the personal property belonging to the estate of the said deceased, yet in existence. Sarah W. Hodges answered the petition consenting to the passage of an order as prayed. Henry V. D. Johns likewise answered, but asked that such order of sale be not passed. On the 27th of

September, 1882, Anne R. Caldwell filed her supplementary petition, alleging insufficiency of assets to pay debts. On the 10th of October, 1882, Henry V. D. Johns, filed his answer to the supplementary petition of Anne R. Caldwell, showing what debts of the decedent he had paid after letters of administration had been granted. He neither admitted nor denied the allegation in the petition as to the insufficiency of assets, but denied that it was necessary or proper that the personal estate entire should be sold to pay debts, and prayed that the Court would dismiss the aforesaid original and supplemental petitions. On the 20th of September, 1882, John T. Johns, an infant, by his next friend, John Johns, filed his petition asking to be made a party to the proceedings, stating that the property mentioned in the petition of Anne R. Caldwell, was specifically devised to him under the last will of John T. Johns, deceased, and asking leave of the Court to be made a party to the said proceedings, or be permitted to answer the same, &c. On the same day the Orphans' Court passed an order rejecting and overruling said petition. After proof taken the Court on the 18th of October, 1882, passed an order directing the sale of all the personal property belonging to the estate of the deceased, and included in the inventory returned, not already sold, except certain designated articles, and prescribing the terms of sale. From this order an appeal was taken by Henry V. D. Johns, administrator *pendente lite.* From the order of the 20th of September, 1882, John T. Johns, an infant, by his next friend, John Johns, appealed.

The cause was submitted to MILLER, YELLOTT, STONE, ALVEY, and IRVING, J.

*R. R. Boarman,* and *James A. Buchanan,* for the appellants.

*John I. Yellott, Frederick W. Brune,* and *Stewart Brown,* for the appellees.

MILLER, J. delivered the opinion of the Court.

Pending a contest over the validity of an instrument propounded for probate as the last will of John Tolley Johns, the Orphans' Court appointed Henry V. D. Johns, the executor named in the alleged will, and Sarah W. Hodges, a sister of the deceased and one of the contestants, administrators *pendente lite* of the personal estate. In the course of that administration, and after much controversy, the Court passed an order directing these administrators *to sell* at public auction all the personal property belonging to the estate and included in the inventory, which had not been already sold, except the watch of the deceased, and any silver or pictures belonging to the estate. From this order Henry V. D. Johns has appealed. An appeal has also been taken by John T. Johns, who was, under the alleged will, specific legatee of a certain portion of this personal property, from an order of the Court refusing to admit him to be made a party to the proceedings and to answer the petition praying for the passage of the order.

Both these appeals must be dismissed, and for reasons that will be very briefly stated. The appeal of Henry V. D. Johns is taken by him, as administrator *pendente lite.* In that capacity he had no interest in resisting the order, and no right to refuse to obey it. He is not a party "aggrieved" by its passage, and from *such an order* he has no right to appeal. As to the appeal by John T. Johns, it cannot now be sustained even if it were well founded when taken. The order for the sale was passed after the issues as to the validity of the alleged will had been tried in the Court of law to which they were transmitted for trial, but before the appeal from the rulings of that Court had been heard and determined by this Court.

These issues involved the testamentary capacity of the deceased at the time he executed the instrument, and the verdict of the jury upon this question was in favor of the caveators. Since then the rulings of the Court on the trial of these issues, which were excepted to by the caveatee, Henry V. D. Johns, have been affirmed by this Court, and the necessary consequence is that probate of the alleged will must be refused by the Orphans' Court. The result of this, therefore, plainly is that neither of these appellants has any longer any interest whatever in the personal estate of the deceased.

*Appeals dismissed.*

(Decided 19th June, 1883.)