WILLIAM S. RAYNER *vs.* JAMES E. NUGENT and ROBERT RIDDELL BROWN, Administrators *c. t. a.* of JOHN NUGENT.

*Burial lots—Rights of Lot-holder—Certificate or license to Lot-holder—Purchaser of Cemetery—Act of 1868, ch. 211.*

A religious corporation holding ground used for burial purposes, issued certificates for burial lots, which were signed by the secretary of the Board of Trustees, without the seal of the corporation being attached, and with no other formality of execution. HELD:

1st. That whenever the corporation decided that the ground was no longer desirable as a place of interment, that decision operated to revoke the certificate or license, and the right of future interment was extinguished.

2nd. That the only right remaining was that of removing the bodies of those buried in the cemetery. And after this was done the lot-holders had no longer any interest in the premises.

3rd. That the lot-holders not re-imbursed the money paid as the consideration of their certificates, would have no cause of action against a purchaser of the ground, deriving title under a grantee of the corporation, for exercising any rights of possession enuring to him as the successor to the title of the grantee.

4th. That the fact that the sale of the ground by the corporation was a private one, and not made under a bill filed according to the provisions of the Act of 1868, ch. 211, did not distinguish the case in its essential principles from *Partridge's Case*, 39 *Md.* 631.

APPEAL from the Orphans' Court of Baltimore City.

The questions involved in this appeal arise upon the following exceptions filed by the appellant, as purchaser, to a sale of real estate, made by the appellees, under a power contained in the will of John Nugent, deceased:

The purchaser, William S. Rayner, excepts and objects to the ratification of the above sale of the property reported as sold to him by the administrators, and assigns the following reason therefor:

That the said Nugent acquired title to the said property by virtue of a deed from the Reformed Presbyterian Church of Baltimore, a body corporate, to him, dated the tenth day of August, 1867, and recorded among the Land Records of Baltimore City, in Liber A. M., No. 346, folio 139, etc.

That at the time of said conveyance, the said parcel of land was used for a burial ground or cemetery, and had been used for many years for that purpose. That about one hundred and forty-one certificates had been issued to as many lot-holders, granting them the right of burial in said parcel of ground, and that each one of said lot-holders paid a consideration for said privilege. That at the time of the sale to Nugent, the church returned to a few of the lot-holders the consideration originally paid by them for

their lots, but there are still about one hundred and thirty lot-holders who have never been settled with. That this sale to Nugent was not made under the Act of Assembly relating to the sale of burial grounds, and that said lot-holders would have the right to assert their claim against your petitioner, who has notice of their rights. Wherefore said title is clouded and unmarketable, and your petitioner prays that the said sale may be set aside.

In support of these exceptions an agreed statement of facts was filed, the substance of which is set forth in the opinion of the Court.

The Orphans' Court overruled the exceptions, and passed an order finally ratifying and confirming the sale. The purchaser appealed.

The cause was submitted to MILLER, STONE, ALVEY, IRVING, and RITCHIE J.

*Isidor Rayner,* for the appellant.

*David Stewart, Robert Riddell Brown,* and *John Stewart,* for the appellees.

RITCHIE, J., delivered the opinion of the Court.

The question presented by this appeal is, whether or not the right of burial in the property in question, at one time enjoyed by certain lot-holders, has been determined?

In expressing the opinion that such right has been terminated, it follows that the order of ratification appealed from was, in our judgment, properly passed.

The property was conveyed to the Reformed Presbyterian Church of Baltimore by Robert Oliver by deed dated the 15th of July, 1828. By this deed the ground was conveyed in fee, and without any declaration of use or trust whatever. The church seems, however, from the use to which it was dedicated, to have acquired it as a place of burial.

Rayner *vs.* Nugent and Brown, Adm'rs *c. t. a.*

Certificates were issued in the following form, to some one hundred and forty-one lot-holders:

"Received from ———— fifteen dollars, in payment for one lot in the burial ground of the Reformed Presbyterian congregation, to be used only as a burial place, and subject to the rules adopted by the board of trustees.

"VERGUS JOHNSTON,
"*Secretary.*"

The corporation, in the course of time and before its conveyance to John Nugent, determined to abandon the use of the ground as a cemetery and to dispose of it. About twelve of the lot-holders were paid back the consideration upon which the certificates were issued, and re-interred their own dead elsewhere. The rest of the lot-holders have not been paid back, and their certificates are still outstanding; but at the time of the sale to Nugent, in 1867, the bodies buried in their lots were taken up and re-interred in another cemetery.

No objection seems to have been made to the removal of these bodies, and the fact that so many of the certificates are uncollected is due probably to the distant period at which they were issued. No claim to the right of burial seems to have been made at or since the time of the conveyance of the ground to Nugent; and the possibility of the assertion of such a claim does not appear to rest upon any demand or intimation coming from the lot-holders, who apparently have acquiesced in the abandonment of the cemetery, but springs solely from a spirit of precaution in the present purchaser, who would guard against such a contingency, however improbable.

The title in fee which the church received having been duly conveyed by deed to Nugent, it is only left to inquire whether there is anything in the character of the certificate issued to the lot-holders that can defeat or qualify the estate thus acquired by Nugent.

It has been frequently held that even when the right of burial in the property of a religious society is acquired

by a formal deed, no title vests in the freehold, and at most only an easement is created. But where the instrument is a simple certificate, not under seal acknowledged and recorded, it has been decided by this Court, among others, it will not operate to grant an easement. *Hays vs. Richardson,* 1 *Gill & Johns.*, 366. Its only effect is to confer a privilege or license to make interments in the lot described, exclusive of others, so long as the ground remains a burying place or cemetery. Whenever, therefore, by lawful authority the ground ceases to be a place of burial, the lot-holders' rights and privileges cease, except for the purpose of removing the remains previously buried. *Partridge, et al. vs. First Independent Church of Baltimore,* 39 *Md.*, 631; *Kincaid's Appeal,* 66 *Penn. St.,* 411.

In the present case the certificate was simply signed by the secretary (presumably of the board of trustees), without the seal of the corporation being attached, and with no other formality of execution.

Where, therefore, the corporation itself, from whom the trustees could only have a derivative authority, decided that the ground was no longer desirable as a place of interment, possessing the lawful power and authority so to determine, that decision operated to revoke the certificate or license, and the right of further interment was extinguished. The only right remaining was that of removing the bodies of those buried in the cemetery. But as this has actually been done, the lot-holders have no longer any interest in the premises.

That the corporation has in the exercise of its judgment deemed it necessary and proper to abandon the further use of the ground as a place of burial has been plainly manifested, not only by its causing the removal of all bodies therein interred, but is evidenced by necessary implication from its execution of a deed, the most solemn act it could perform, by which it has divested itself of all further control over or title in the property.

What claims, if any, the lot-holders, not reimbursed the money paid as the consideration of their certificates, may have against the corporation, is a question not now directly before us. So far as it is incidentally involved in the present case, it is sufficient to observe that we can perceive no ground upon which they could have any cause of action against the appellant for exercising any rights of possession enuring to him as the successor to Nugent's fee simple title.

The fact that the sale to Nugent was a private one, and not made under a bill filed according to the provisions of the Act of 1868, chapter 211, does not distinguish this case in its essential principles, from the case of *Partridge* in 39 *Md.*, above adverted to. That Act of Assembly has furnished additional facilities for parties interested in abandoned burial grounds to procure a sale of the same; but it in no wise conflicts with the established doctrine relating to rights of burial in the cemeteries of religious bodies derived from certificates similar to that in the present case and their liability to extinguishment, upon which this appeal has been determined.

*Order affirmed.*

(Decided 21st June, 1883.)