# THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.* HENRY SCHNITKER.

*Sewers and Drains—Liability of Municipal Corporations for Damages Caused by Overflow.*

Plaintiff's cellar was flooded by water which burst through the manhole of a sewer during an extraordinary rainfall. In an action for damages against the municipality, *Held*,

1st. That the defendant could only be held liable for such damages upon proof of negligence either in the construction of the sewer or in failing to keep it in proper repair; and in this case it was not claimed that the sewer was improperly constructed.

2nd. That there was no evidence sufficient to show that the sewer was obstructed at the time of the rainfall, or, if obstructed, that the defendant was negligent in failing to remove the obstruction after notice thereof.

Appeal from the Baltimore City Court. At the trial the plaintiff offered the following prayers:

*Plaintiff's 1st Prayer.*—That if the jury find from the evidence that the defendant built the culvert or underground sewer, spoken of by the witnesses, under and along the bed of North Eden street, in front of the property of the plaintiff, and that the said culvert or sewer was intended to receive and carry off the surface water in times of rain from a section of the city to the north of the plaintiff's property to a point south of the same, and finally into the waters of the basin ; and shall further find that the said culvert or sewer was permitted to become foul and obstructed, at or near the property of the plaintiff, with sand, mud and other debris, and that by reason of the said accumulations in said sewer the same was insufficient to carry off the said surface water, and that the defendant had notice or by the use of reasonable diligence might have had notice of the condition of said sewer, but failed to remove the said obstruction therefrom, and that on or about the 5th day of July, 1895, the water

so intended by the defendant to be carried off by the said sewer, on account of said obstructions burst out of said sewer and flowed back upon and into the property of the plaintiff and injured the same, then the plaintiff is entitled to recover in this action.    (Granted).

*Plaintiff's 2nd Prayer.*—That if the jury find from the evidence that the defendant built the culvert or underground sewer, spoken of by the witnesses, under and along the bed of North Eden street, and that the said sewer was intended to receive and carry off the surface water in time of rain from a section of the city to the north of the plaintiff's property to a point south of the same ; and shall further find that the said defendant, in constructing said sewer, for the purpose of cleaning or repairing the same from time to time, made certain openings into said sewer, which openings the said defendant undertook to close or stop with covers or lids; and shall further find that said covers or lids were insecure and insufficient to prevent the bursting out and escape from the said sewer of the contents of the same to the surface of the ground at or near the property of the plaintiff, and that the said defendant had notice, or by the use of reasonable diligence might have had notice of the insecure condition of said lids or covers, but failed to remedy the same ; and that on or about the 5th of July, 1895, the water, mud, filth and other debris contained in and intended to be carried off by said sewer forced open the lids or covers of the same, and flowed out of the said sewer through the said openings into and upon the property of the plaintiff and injured the same, then the plaintiff is entitled to recover in this action, unless the jury shall find that the said sewer would have burst but for the lifting of the top of said man-hole.    (Rejected).

*Plaintiff's 3rd Prayer.*—If the jury find the facts mentioned in the plaintiff's first prayer, then the plaintiff is entitled to recover in this action, notwithstanding the jury may find that the rain occurring on the 5th day of July, 1895, was unusually copious, unless the jury shall further find that the injury to the plaintiff's property mentioned in the said

prayers was due wholly to the extra quantity of rain falling on the said 5th day of July, 1895, and that the said injury was in no way due to the negligence of the defendant mentioned in said prayers. (Granted as modified).

And the defendant offered the following prayers:

1st. That if they believe from the evidence that the flooding of the premises of the plaintiff on July 5th, 1895, was caused by or due to an unusual storm, then their verdict must be for the defendant. (Granted).

2nd. That even though they should believe from the evidence that on July the 5th, 1895, great quantities of water and dirt broke from the sewer and located in the bed of Eden street, by throwing off the plates covering the manholes between McElderry and Monument streets, and together with water and dirt flowing along the bed of Eden street, entered the premises of the plaintiff and flooded his cellar, yet if they further believe from the evidence that the flooding of the premises of the plaintiff was due to an unusual or excessive rainfall, their verdict must be for the defendant. (Granted).

3rd. That if they should believe from the evidence that the flooding of the plaintiff's premises was due to the insufficiency of the sewer to carry off the rain of July 5th, 1895, still, if they further believe from the evidence that the sewer in the bed of Eden street was of sufficient capacity to carry off from the district intended to be drained by it, all the usual and ordinary rains, then their verdict must be for the defendant. (Granted).

4th. That there is no evidence in the case legally sufficient to entitle the plaintiff to recover, and their verdict must be for the defendant. (Rejected).

5th. The defendant prays the Court to instruct the jury :

1st. That there is no evidence of negligence upon the part of the defendant in the construction of said sewer.

2nd. That there is no evidence of negligence upon the part of the defendant in failing to keep said sewer in repair.

3rd. That there is no evidence of negligence upon the

part of the defendant in failing to keep said sewer clean or free from obstructions, and therefore their verdict must be for the defendant.   (Rejected).

6th. That if they should believe from the evidence that there was an obstruction in the sewer in the bed of Eden street other than water, and that said obstruction caused the water to be forced through the man-holes, and that the water from the man-holes invaded the premises of the plaintiff and damaged him, still their verdict must be for the defendant, unless they believe that the defendant had notice of such obstruction either directly or inferentially from the same having been there for some time.   The defendant prays the Court to instruct the jury that there is no evidence of such obstruction.   The defendant prays the Court that there is no evidence of such notice.   (Rejected).

7th. That the defendant is not liable for failure to keep the sewer clean.   (Rejected).

8th. That if the jury believe from the evidence that the damage to the premises of the plaintiff by reason of the construction and existence of the sewer on Eden street is less than it would have been had the sewer not been built, their verdict must be for the defendant.   (Granted).

9th. That the burden of proof is upon the plaintiff, and it is incumbent upon him to establish his case by a preponderance of evidence.   (Granted).

10th. That there is no evidence of an obstruction other than water in the sewer on Eden street south of the man-hole nearest to the premises of the plaintiff.   (Rejected).

11th. That if they should find for the plaintiff, then, under the pleadings in the case, in estimating the damages, they are only to consider the injury done to the plaintiff by reason of the water that came into his premises on July 5th, 1895.   (Granted).

The trial Court (PHELPS, J.) granted the plaintiff's 1st and 3rd prayers and rejected plaintiff's 2nd prayer; and granted defendant's 1st, 2nd, 3rd, 8th, 9th and 11th prayers,

and rejected the other prayers of defendant.    The jury returned a verdict for the plaintiff for $100.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, PAGE, ROBERTS and BOYD, JJ.

*Thomas G. Hayes, City Counsellor,* and *Thomas Ireland Elliott, City Solicitor,* (with whom was *James P. Gorter, City Attorney,* on the brief), for the appellant.

*James Pollard* and *Charles Winternitz* (with whom was *Alfred Bagby, Jr.,* on the brief), for the appellee.

The city of Baltimore, when it constructs such sewers as in its judgment the public convenience requires, must adopt a *reasonable plan, and for any negligence or unskillfulness in the execution or construction of the work,* whereby injury results to private rights, the municipality will be held responsible.    The city is also responsible for the negligent failure to keep its sewers *in repair and free from obstruction. Kranz* v. *The Mayor and City Council of Baltimore,* 64 Md. 491 ; *Hitchins Bros.* v. *The Mayor and City Council of Frostburg,* 68 Md. 100 ; *Mayor, &c., of Frostburg* v. *Hitchins Bros.,* 70 Md. 56.

1. These cases having clearly settled the law in this State, there was no error in the ruling of the Court which granted the first prayer of the plaintiff.    This prayer properly submitted to the jury the question of fact whether the sewer was permitted to become foul and obstructed with sand, mud and other debris, at or near the property of the plaintiff, and whether, by reason of said accumulation in said sewer, it was insufficient to carry off the said surface water, and whether the defendant had notice, or by the use of reasonable diligence might have had notice of the condition of said sewer, and whether the plaintiff's · property was injured by the water escaping from said sewer on account of said obstructions.    These facts, if found by the jury, constitute a good cause of action.

2. By the third prayer of the plaintiff (the second having

been rejected), the Court properly instructed the jury that the fact that the rain which occurred on the 5th day of July, 1895, was unusually copious, would not defeat the plaintiff's right to recover, unless the injury to the plaintiff's property was due wholly to the extra quantity of rain, and said injury was in no way due to the negligence of the defendant. In other words, the Court referred to the jury the question of fact as to whether the injury was due to the severity of the storm or to the fault of the defendant in negligently permitting its sewers to be obstructed, and the jury found that the flooding was due to the defendant's negligence. Surely, this prayer, granted in connection with the defendant's first, second and third prayers, was sufficienly favorable to the defendant, and correctly expounded the law of the case. It clearly stated that the defendant would not be liable if the damages sustained by the plaintiff were due solely to an unusual and excessive rainfall. This was all the law permitted or that the defendant had a right to expect. Even if other considerations contributed to the injury to the plaintiff's property, this would be no reason why he should not recover for damages due to the defendant's negligence. *Mayor, &c., of Frostburg* v. *Hitchins Bros.*, 70 Md. 56, 67.

3. The defendant, by its fourth prayer, sought to take the case from the jury upon the ground that there was no legally sufficient evidence in the case to entitle the plaintiff to recover. This the Court refused to do, there being ample testimony both from the plaintiff's witnesses and those of the defendant, to justify the jury in finding that the sewer was negligently permitted with notice to be obstructed by sand, filth and other debris. The presence of such obstruction may be reasonably inferred from: (*a*). The contents of the sewer as shown by what was discharged through the man-hole when the cover was thrown off. (*b*). The violence with which the lids were forced from the man-holes *near the beginning of the storm.* (*c*). The failure of the city to clean the sewer within a reasonable time prior to

the storm of July 5th.   (*d*).  The fact of the existence of a
sand bar in the sewer when examined shortly after the rain
of July 5th.   Evidence that the city had notice of the con-
dition of the sewer, or by the exercise of reasonable care
might have known of its condition, may be found from the
following facts:  (*e*).  From  continuous  prior  floodings.
(*f*).  Application by the plaintiff on former occasion at the
City Hall for use of engine to pump the water from his
cellar.

4. The defendant's fifth prayer was also properly rejected.
By it the Court was first asked to say that there was no
evidence of negligence on the part of the defendant in the
construction of the sewer.   It is clear from the frequent
prior floodings that the sewer was insufficient, and if insuf-
ficient it cannot be said to have been constructed skillfully
or without negligence on the part of the city.   *Hitchins
Bros.* v. *The Mayor, &c., of Frostburg*, 68 Md. 100, 112,
113.   In this same prayer the Court was asked to say that
there was no evidence of negligence on the part of the de-
fendant in failing to keep the sewer clean (or free from ob-
structions).   If in fact, as abundantly appears, the sewer
was not kept clean by the city, and it had, or might have
obtained notice of its foul condition, then it was negligence
on the part of the city not to remove such obstructions.
*Hitchins Bros.* v. *The Mayor, &c.*, 68 Md. 100, 110, 111.

5. The defendant's sixth prayer was properly rejected by
the Court for the reasons assigned in discussing the defend-
ant's fourth prayer.

6. The defendant's seventh prayer was also properly re-
jected, because it asserts as a proposition of law that the
defendant was not bound to keep its sewer clean (or free
from obstruction).   This duty is imposed upon the city by
law.   *Hitchins Bros.* v. *Mayor, &c.*, 68 Md. 100, 110, 111.

ROBERTS, J., delivered the opinion of the Court.

This is an action brought by the plaintiff (appellee here)
for the recovery of damages alleged to have been sustained
by him, in consequence of the water getting into his cellar

on July 5th, 1895, when there was an extraordinary fall of rain. The defendant (appellant here) had constructed one of its sewers, called Harford Run, under the bed of North Eden street, between Madison and McElderry streets, and along the front of plaintiff's premises in Baltimore City. Upon the occasion of the 5th of July, just mentioned, a large quantity of water, mud, and other debris burst out of the man-hole of said sewer, and flooded the plaintiff's cellar, depositing therein a quantity of mud and other matter. The sewer in question was completed in the year 1883, and previously thereto a tunnel had been built which diverted to the east, to Harris's Creek, in said city, a large part of the surface water that originally came down through the section or close to the line now occupied by the sewer, which was constructed in lieu of an open drain, to take care of the water left after the diversion.

The plaintiff's contention is, that the sewer was negligently suffered by the defendant to become foul and partially filled and obstructed with mud, filth and other matter, and unsafe and out of repair, so that the same was insufficient to carry off the water, which was accustomed to flow in and through said sewer, and that the defendant had notice of its condition. The defendant claims, 1st, that there was no such obstruction, and no evidence legally sufficient to show the same. 2nd. That if such obstruction did exist, there was no evidence of any notice thereof or that there was negligence, or an absence of proper care on the part of the defendant in failing to obtain notice.

There is testimony in the record to show that the sewer is what may be termed " a self-cleaning sewer," but upon the occasion of the flood of July 5th, 1895, when the fall of rain is conceded to have been extraordinary, it was found to be of insufficient capacity to accommodate the volume of water which then emptied into it. The evidence shows that on this occasion the flow of water in the sewer was so great that the lid of the man-hole, near plaintiff's premises, was lifted off and forced from its usual position, and that in conse-

quence of the obstruction of the sewer, the water, mud, filth and other debris which was intended to be carried off by the sewer, flowed back upon and into the property of the plaintiff, by which he was damaged. There is but one question arising on this appeal which needs to be determined, and that relates to the alleged obstruction of the sewer. We have carefully examined the testimony in the record, and have failed to discover any evidence from which a jury would be fairly and reasonably justified in finding the existence of an obstruction of the sewer on the date, July 5th, 1895. Nor is there a particle of legal evidence in the cause going to show that if any obstruction existed the defendant had notice of it, or by the exercise of proper care it might have known of its condition. The wrenching off of the lid of the man-hole, and the forcing upwards of water through it, might tend to show the limited capacity of the sewer to carry off the water when flowing in an excessive and unusual manner, but it certainly furnished no evidence of an obstruction of the sewer. The time during which the water came up out of the man-hole lasted from ten to fifteen minutes. As illustrating the extent and character of the rain storm of July 5th, 1895, the amount of rain which on this occasion fell during a period of forty minutes was only a little less than four hundred hogsheads, or twenty-five thousand gallons to an area of an acre of land ; and it was further proved that such rains have visited the locality three or four times during the past twenty-five years. This statement of the facts is sufficient to a proper understanding of the controversy which the records presents.

There are two exceptions in the record. The first of which relates to the action of the Court below in granting the plaintiff's first and third prayers, and in rejecting the defendant's fourth, fifth, sixth, seventh and tenth prayers. The second exception is taken to the Court's action in overruling the defendant's special exceptions to the plaintiff's first prayer, as being without evidence to support it. It will not be necessary to give extended considerations to each of the

plaintiff's granted prayers, nor to the defendant's prayers which have been rejected. The defendant can only be made responsible to the plaintiff for the damage sustained by him, by reason of the overflow of the sewer into his cellar, and on to his premises, upon proof of some fault or neglect on its part, either in the construction of the sewer or in its failure to keep it in proper repair. The record fails to disclose sustaining proof of either hypothesis; there is some slight testimony in the cause of a small accumulation of sand in the sewer before the 5th of July, but there is not any evidence legally sufficient to show that the sewer was obstructed at the time of the rain-fall of the date last mentioned. There being no fault claimed to exist in the construction of the sewer causing the overflow, it was incumbent upon the plaintiff to show a neglect by the defendant to remove the obstruction, after notice of its existence or some omission of duty on the part of the defendant's officers. *Mayor* v. *Sheffield,* 4 Wallace, 195 ; *Kranz Bro.* v. *Mayor, &c., of Baltimore,* 64 Md. 498 ; *Hitchins Bros.* v. *Mayor, &c., of Frostburg,* 68 Md. 112. The defendant does not insure its citizens against damage from works of its construction, and is only liable as other proprietors for negligence or wilful misconduct. The principles upon which municipal corporations are held liable for damages occasioned by defects in streets and sewers, and other public works, are well settled by numerous cases in this Court and elsewhere. Upon the conclusion of the testimony the defendant offered several prayers, one of which was " That there is no evidence in the cause legally sufficient to entitle the plaintiff to recover." This prayer was refused and the defendant appealed from this and other rulings. The effect of the prayer is that of a demurrer to the evidence and raised the question of the right of the plaintiff to recover, assuming all the evidence offered by him to be true. For the reasons which we have heretofore given, the prayer, in our opinion, ought to have been granted. And for the additional reason, the plaintiff relies upon two distinct causes, as having produced

the injury complained of, and as Mr. Chief Justice McSherry, in *County Commissioners of Harford County* v. *Wise,* 75 Md. 40, 41, delivering the opinion of this Court, says, "A case is thus presented where the injury complained of must have resulted from one or the other of two distinct causes, and not from both together, and when, if produced by the one, the defendants are not liable though they are answerable if produced by the other.   If the evidence adduced by the plaintiff does not show to which one of these two causes the damage is actually due, can a recovery be had ?  In cases like this the burden is on the plaintiff to prove that the defendant has been guilty of negligence, and that such negligence has occasioned the injury.   If his evidence fails to establish either of these propositions, that burden has not been gratified."   Upon either horn of his dilemma, the the plaintiff has failed to establish a case entitling him to a recovery.   This conclusion disposes of the case, and renders it unnecessary to pass upon the other questions discussed at the hearing in this Court.

It follows, then, from what we have said, that the judgment of the Court below must be reversed.

*Judgment reversed with costs.*

(Decided June 18th, 1896).