BLAZYS IUSZKEWICZ *vs.* STERRY K. LUTHER, Town Clerk, *et als.*

JULY 8, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Cemeteries. Power of Town Council to Regulate Burials.*

Gen. Laws 1909, cap. 107, § 18, provides that "The town council of any town may prohibit burials in the compact or thickly populated parts of such town, and may make such by-laws and ordinances relating to burials and the use of grounds for burials in such town as they may think necessary for preserving the health thereof, and enforce such ordinances," etc.

A church corporation by deed, dated June 12, and recorded July 31, 1909, purchased certain land, which it dedicated as a cemetery July 18, it being in the thickly settled part of the town.

August 13, 1909, the town council passed an ordinance, forbidding the establishment of a cemetery without a permit from the council, and January 14, 1910, passed a second ordinance prohibiting the burial of any body within the territory, where the cemetery in question was located, without permission of the council, excepting from its provisions two specified cemeteries:—

*Held,* that the power of the legislature to delegate to municipal corporations authority to regulate burials and burial places was well settled, and the church must be held to have purchased the land with knowledge of the law.

*Held,* further, the fact that the ordinance provided that burials should take place in only two places did not make it unreasonable in the absence of proof that there were no other localities, outside such limit, accessible for such purposes.

*Held,* further, that the council had the right to pass such ordinances, which were reasonable, proper, and within its powers:—

*Held,* further, that the ordinance of January 14, 1910, was not unconstitutional because of being unreasonable, or making an unjust discrimination.

(2) *Town Councils. Boards of Health. Review of Action.*

A town council is *ex-officio* a board of health, and also vested with special authority to regulate burials, and, being vested with discretion in these matters, the court will not review its action where it is clearly within the powers conferred by statute.

MANDAMUS.   Heard and denied.

PARKHURST, J.   This is a petition for a writ of *mandamus* brought by the complainant against the town clerk and town

council of the town of Johnston, asking this court to issue a writ commanding the said clerk and council to grant a permit to the complainant for the burial of his child in a certain part of the town of Johnston.

This petition is brought because of the refusal of said clerk and town council to issue the said permit.

The respondents in this cause claim that they have a right, under the statutes of this State, to prohibit the burial of the dead in that section of the town where the complainant seeks to have the interment of his deceased child.

It appears in evidence that the petitioner is a member of the Lithuanian Catholic Church located in the city of Providence; that the church corporation, by deed dated June 12, 1909, and recorded July 31, 1909, purchased certain lands located in the town of Johnston in the village of Manton; but it does not appear on the face of the deed that said land was purchased for a burial place, or cemetery. It further appears that, on the 18th day of July, 1909, said real estate was consecrated as a cemetery and place of burial for the members and parishioners of said church, according to the forms, usages, and customs of said church. But it does not appear that at that time the town council or any town officer had any knowledge of such acts or of such purchase or of the purpose for which it was made. It further appears in evidence, and it is not disputed, that the location of the land purchased is in the village of Manton, one of the compact or thickly populated parts of said town of Johnston, a growing section, used for residential purposes. It further appears that neither said church corporation, nor any one in its behalf, took occasion to inquire of the town authorities, either before the purchase, or before or at the time of the consecration, or afterwards until it was desired to make an actual burial in the ground, whether or not said church would be permitted to establish a burial ground on the land in question, and it does not appear that the town authorities had any knowledge or notice of the intention of the church to use said land as a burial ground until some time after the date of said consecration, when a permit

for the first burial therein was requested, and promptly refused by the town council.

At the time when this was purchased, June 12, 1909, and for many years prior thereto, to wit, since May 2, 1884 (See Pub. Laws, R. I. c. 423, Jan. 1884, p. 162), the law in its present form now appearing as cap. 107, § 18, Gen. Laws of 1909, has been in force.

Chapter 107, section 18, General Laws of 1909, provides as follows: "Section 18. The town council of any town may prohibit burials in the compact or thickly-populated parts of such town, and may make such by-laws and ordinances re-. lating to burials and the use of grounds for burials in such town as they may think necessary for preserving the health thereof, and enforce such ordinances," etc.

Under authority of the foregoing statute, the town of Johnston passed the following ordinances:

"At a meeting of the Town Council of the Town of Johnston, holden within and for the Town of Johnston, on the thirteenth day of August, A. D. 1909, the following ordinance concerning cemeteries and places of burial was passed:

"SECTION 1. No cemetery or place of burial shall be established in the Town of Johnston, until the Town Council shall grant a permit for the same.

"SEC. 2. Before a permit shall be granted by the Town Council for the establishment of a cemetery or burial ground, a petition shall be filed with the Town Clerk, which petition shall be advertised for two weeks in some public newspaper of general circulation in the Town of Johnston before the same shall be acted upon by the Town Council.

"SEC. 3. Any person violating any of the provisions of the above ordinances shall be fined not less than Ten Dollars nor more than Twenty Dollars, or be imprisoned not exceeding three months.

"These ordinances shall take effect immediately."

"At a meeting of the Town Council of the Town of Johnston, R. I., holden within and for the said Town on the 14th day of

January, A. D. 1910, the following ordinance in regard to certain burial grounds is passed:

"An Ordinance Prohibiting the Burial of dead bodies in certain compact or thickly populated parts of the Town of Johnston.

"It is ordained by the Town Council of the Town of Johnston as follows:

"SECTION 1. No person shall bury or inter, or cause to be buried or interred, any dead body, nor dig, or cause to be dug, any grave anywhere within that territory in the Town of Johnston, known as and comprising the Manton Village without permission from the Town Council of the Town of Johnston, first had and obtained.

"The Manton Cemetery and the Kelley Cemetery, within said territory so-called, are hereby exempt from the provisions of this ordinance.

"SEC. 2. Every person violating any of the provisions of this ordinance shall be fined not exceeding Twenty Dollars, or be imprisoned not exceeding ten days or both."

(1)      It will be remembered that the deed of the land to the church corporation was not recorded until July 31, 1909, and that it does not appear that the town council even then had any notice of the intention to establish a burial ground. It seems fair to infer, therefore, that the town council passed its ordinance of August 14, 1909, above quoted, concerning cemeteries and places of burial, as soon as possible after it had notice of such intention. There is no evidence that the church corporation has ever made application, under said ordinances, for a permit to establish a cemetery or place of burial.

The petitioner, having lost an infant child by death, on March 22, 1910, thereafter made report thereof to the respondents town clerk and town council, and made request for a permit to bury said infant child in said land, and that permit was refused. The petitioner claims that such refusal was a violation of the duty of the respondents, and by this petition prays the court to grant a writ of *mandamus* to compel the issue of such permit.

The petitioner, in his brief, states his position in this matter as follows:

"1. He has the right to bury his deceased child upon the land in question.

"2. The land in question is a cemetery by reason of its having been dedicated and consecrated for that purpose, in a perfectly lawful manner.

"3. That the ordinance passed by the Town Council of the Town of Johnston on August 13, 1909, after the dedication and consecration of this cemetery is not retroactive and has no force so far as the establishment of this cemetery is concerned.

"4. That the ordinance passed by the Town Council in January 1910, is unconstitutional and void for two reasons (a) It is unreasonable, and (b) It makes an unjust discrimination.

"5. That while the Town Council of the Town of Johnston has the right to prohibit burials in the compact or thickly-populated parts of the town, that right depends upon the sole question as to whether or not the cemetery in which the burial is to be made is a public nuisance.

"6. That in order to legally prohibit a burial in the cemetery in question, it is necessary for the Town of Johnston to prove affirmatively that this particular cemetery is a public nuisance by showing that it affects the health of the people residing in the neighborhood, and that no such proof has been offered."

Upon the first and second propositions above stated by the petitioner the brief offers no authorities, nor even argument. What he appears to mean, is that as between the petitioner and the church corporation, the petitioner has the right of burial in said land by reason of his membership in the church and by reason of the religious ceremony of dedication. That question is not before us, and will therefore not be considered. The real question is, what are the petitioner's rights, if any, as against the town clerk and town council? It can not be claimed that the religious ceremony of dedication could establish any right as against the town officers or the town. The church

corporation must be held to have known the state of the law above set forth, whereby the town council might prohibit and regulate burials, and to have. purchased its land with such knowledge. The power of the legislature to delegate to municipal corporations authority to regulate burials and burial places is so well settled that it admits of no controversy. I Dill. Mun. Corp. § 373–4, § 372, and cas. cit.; 6 Cyc. 709; *Graves* v. *Bloomington*, 17 Ills. App. 476; *Campbell* v. *Kansas City*, 102 Mo. 326, and cases *infra*.

Under such authority from the legislature, municipalities may prohibit burials in the populous districts of their cities, even where the cemetery has been established and used for burial purposes. *Campbell* v. *Kansas City*, *supra*; *People* v. *Pratt*, 129 N. Y. 68; *Coates* v. *New York*, 7 Cowen (N. Y.), 585. See also *Sohier* v. *Trinity Church*, 109 Mass. 1, and cases cited, 21 and 22.

Under a charter giving a city authority to establish cemeteries, it has discretion to judge of their necessity and to select their location. *Greencastle* v. *Hazelett*, 23 Ind. 186.

When lawful authority has declared that an existing cemetery must be abolished, the right of licensee of the lot ceases, and the only right he has is to remove the dead. *Rayner* v. *Nugent*, 60 Md. 515; *Partridge* v. *Church*, 39 Md. 631; *Sohier* v. *Trinity Church*, *supra*.

The courts will not revise the discretionary action. of a city council in the regulation and prohibition of the establishment of burial grounds within the city limits. *City Council* v. *Baptist Church*, 4 Strobhart, 306 (S. C. 1850).

Persons purchasing land for cemetery purposes must regard not only the present but also the future possibility of improvement in the locality in which the burial ground is to be established. *Camp* v. *Town of Barre*, 66 Vt. 495.

The fact that the ordinance provides that burials shall take place in only two places does not make it unreasonable, in the absence of showing that there are no other localities outside such limit accessible for such purposes.

In *City of Austin* v. *Austin Cemetery Association,* 87 Tex. 330, the mere facts that an ordinance passed by the city of Austin authorizes only three cemeteries on the north side of the river and that the city limits on such side embrace 4,500 acres, part of which is thickly and part thinly settled, do not render it unreasonable, in the absence of showing that there are no other localities outside such limits accessible and suitable for such purposes.

It is not necessary to cite further authority upon the points here involved, because it is undisputed that the principles of the authorities already cited are the recognized law of the United States. No case is cited which holds a contrary view, nor have any such come to our attention.

It is plain, therefore, that nothing has been done, on the part of the petitioner or of the church of which he is a member, which has in any way given the petitioner any right whatever as against the respondents. Even if the cemetery had been long established and used for many years, it would have been clearly within the power of the town council, under the law as above quoted, and under the principles of the cases above cited, to have prohibited further burials therein in view of the situation of the land in the "compact or thickly populated" part of the town. Clearly, then, the town council had the right to pass the ordinances which they did pass as soon as it became evident that there was an attempt to establish a new cemetery in the village of Manton; and such ordinances are clearly reasonable and proper and within the powers conferred by cap. 107, § 18, Gen. Laws, R. I. 1909, above quoted. The positions taken by the brief for the petitioner are clearly untenable. There is no ground for the contention that the ordinance of January 14, 1910, is unconstitutional and void because it is unreasonable, or because it makes an unjust discrimination. It was perfectly reasonable and within its powers for the town council to prohibit burials and grave-digging in Manton village, without a permit; and it was clearly within its (2) discretion to exempt the two ancient cemeteries known as the "Manton cemetery" and the "Kelley Cemetery" from the provisions of the ordinance, in view of the extreme rarity of inter-

ments therein and out of respect to the feelings and sentiments of persons having family lots and existing rights of burial therein.   The position taken that the right of the town council to prohibit burials in Manton Village depends upon whether or not, as a matter of fact, a particular cemetery is a public nuisance, and upon proof of that fact, is equally untenable. The town council is *ex-officio* a board of health (Gen. Laws, R. I. 1909, cap. 50, § 13); and it is also vested with special authority to prohibit burials and regulate burials and burial grounds, as above shown.   It is vested with discretion in these matters which the courts will not review, where its action is clearly within the powers conferred by statute.   See *City Council* v. *Baptist Church*, 4 Strob. (S. C.) 306, and other cases *supra.*

Petitioner's counsel calls our attention specially to the case of *Austin et al.* v. *Murray*, 16 Pick. 121.   Very briefly stated, the facts in that case are as follows:   By Public Laws of Massachusetts, 1832, chapter 150, an act was passed by the legislature of Massachusetts giving selectmen of the town of Charlestown the right to make by-laws to designate places of burial in Charlestown and respecting the burial of dead.   The selectmen of the town, under this provision of the statute, enacted a by-law that no dead body should be brought into the town for burial.   It was held that the selectmen, under this statute, had no right to provide that no dead body should be brought into the town for burial; and that they clearly transcended their powers in passing such by-law.   The court said that if it had been provided that no burials should take place in the populous part of the town, it would have been a proper and valid by-law.

The case last cited is of no avail to the petitioner.   It clearly recognizes the same general principles as hereinbefore set forth, and is clearly decided on the ground that the selectmen had exceeded their powers.

The petition for a writ of *mandamus* is therefore denied and dismissed.

*James A. Williams,* for petitioner.

*Frank W. Tillinghast, Michael J. Lynch,* for respondents.