## BERNSTEIN, COHEN AND COMPANY *vs.* BEN-JAMIN A. STANSBURY, Receiver.

*Res Adjudicata: persons who were not parties.*

Persons who are directly interested in a suit, who have knowl-edge of its pendency, and who refuse or neglect to appear and avail themselves of their rights, are concluded by the pro-ceeding as fully as if they had been parties named in the record.                                                       p. 319

The plea of *res adjudicata* applies, except in special cases, not only to the points under which the Court was required by the parties to form an opinion and pronounce a judgment, but to all points which properly belonged to the subject in litiga-tion, and which the parties exercising reasonable judgment, might be brought forward at the time.                     p. 320

Persons not parties to a suit have no standing or right to take an appeal.                                                  p. 320

*Decided January 14th, 1913.*

Appeal from Circuit Court No. 2 of Baltimore City (Stump, J.).

The cause was argued before Boyd, C. J., Briscoe, Pearce, Thomas, Pattison and Stockbridge, JJ.

*Jacob J. H. Mitnick* and *Robert Biggs,* for the appellants.

*Julius H. Wyman* and *Julian S. Jones* (with whom was *James T. O'Neill* on the brief), for the appellee.

Briscoe, J., delivered the opinion of the Court.

On the 15th day of April, 1912, an order was passed by the Circuit Court No. 2 of Baltimore City in a cause then pending wherein Jennie B. Hieatzman *et al.,* were plaintiffs, and John Wesley Evans was defendant, adjudicating and determining the ownership of certain bonds, the subject-mat-ter of controversy and directing the receiver in the case, to transfer and deliver these bonds to the plaintiffs, the true

and lawful owners thereof. The order was passed after a full hearing, on bill, answer and proof.

The clerk of the Court was further directed to enter a decree and judgment against the defendant in favor of the plaintiffs for the sum of twenty-nine hundred and thirty dollars and forty-five cents, the amount held to be due the plaintiffs by the defendant. There was no appeal taken from this order by the defendant and the decree has long since become enrolled.

On the same day (April 15th, 1912) the appellants on this record claiming to be a judgment creditor of one Albert N. Horner, since deceased, filed a petition in the suit of *Hieatman et al.* v. *Evans,* praying among other things that the Court pass an order directing the receiver to retain the bonds referred to in the proceedings in his possession and custody, until a judgment of condemnation could be obtained by them on certain attachment proceedings issued out of the Baltimore City Court and laid in the hands of the receiver. The petition alleged, among other things, that the attachment had been laid, by leave of Court obtained on the 20th day of July, 1911, in the hands of the receiver for the purpose of establishing a lien on the bonds mentioned in the petition and asking the Court to have the bonds held to await the determination of the attachment case.

From this last named order, denying and refusing the application of the petitioner, this appeal has been taken.

A motion has been made by Benjamin A. Stansbury, the receiver and the appellee here, to dismiss the appeal for the following reasons:

1st. Because it is not a case in which an appeal lies to this Court.

2nd. Because the order appealed from does not conclude or settle the rights involved in the action.

3rd. Because the order refusing to direct the receiver to hold the bonds referred to in the proceedings in the case of *Jennie B. Hieatzman et al.* v. *John Wesley Evans,* in the Circuit Court No. 2 of Baltimore City, pending the attach-

ment proceedings issued out of the Baltimore City Court in the case of *Bernstein, Cohen & Company* v. *Benjamin A. Stansbury, receiver,* and was passed in the exercise of sound discretion.

4th. It is an attempt to attack collaterally the decree of the Circuit Court No. 2 of Baltimore City, passed in the matter of *Jennie B. Hieatzman et al. against John Wesley Evans.*

5th. The appellants were not parties to the proceeding and had not intervened or appeared in the case as claimants.

It is clear, we think, that the motion to dismiss the appeal must prevail.

If the appellants were parties to the suit of *Hieatzman* v. *Evans,* by reason of the leave of Court to lay the attachment in the hands of the receiver passed on the 20th day of July, 1911, they are undoubtedly bound by the order of Court of the 15th day of April, 1912, determining that the bonds were the property of Jennie B. Hieatzman and Fannie M. Goodwin and not the property of Albert N. Horner, the judgment debtor.

There was no appeal from this decree, and therefore, the appellants would be concluded and bound by it.

The original suit was instituted in part for the purpose of determining the ownership of these very bonds, and the appellants had full knowledge of the pendency of the suit, as will appear by their petition filed in the case, and could have intervened for the purpose of protecting whatever right or claim they may have had to the bonds in dispute.

Whether parties or not to the original proceedings in the Circuit Court No. 2 of Baltimore City, they would be as effectually bound by the decree as if they had been parties named on the record, under the facts of this case.

In *Albert* v. *Hamilton,* 76 Md. 304, it is said, it is contrary to the policy of the law to allow the same question to be separately litigated by every person interested in it. These complainants knew of the pendency of the former suit, they ought to have been made parties on their own petition. They by their own neglect or wilful refusal lost the

right to take part in the control of the proceedings, examine and cross-examine witnesses and appeal from. the decree, they therefore are embraced within the rule so frequently declared that persons who are directly interested in the suit, and have knowledge of its pendency, and who refuse or neglect to appear and avail themselves of their rights, are concluded by the proceedings as if they were parties named on the record. *Robbins* v. *Chicago,* 4 Wall. 672; *Parr* v. *State,* 71 Md. 236; *Balto.* v. *Schnitker,* 84 Md. 43; *The Canal Company Case,* 83 Md. 635.

In *Riley* v. *The First National Bank,* 81 Md. 28, this Court said, that the attaching creditors are estopped from setting up any defense in another Court, which was appropriate for them to have interposed in the Circuit Court of Baltimore City or of now controverting any question which has been settled and determined by the decree of that Court. If they were aggrieved by the action of the Circuit Court of Baltimore City an appeal to this Court was open to them by the proper proceedings. *Parr* v. *State,* 71 Md. 220; *State* v. *Brown,* 64 Md. 199; *Trahern* v. *Colburn,* 66 Md. 277.

In *Hall* v. *Jack,* 32 Md. 253, the party intervened by petition in the cause for the protection of his rights and was considered a party by this Court, and therefore entitled to appeal. The Court said, the subsequent order which directed the fund to be paid to the plaintiffs operated to conclude the rights of Hall in respect to the fund.

It appears to us, therefore, that the decree of the Court of the 15th of April, 1912, as to the ownership of the bonds, is *res adjudicata* in so far as the appellants are concerned, and it precludes them from asserting any further claim to the bonds.

In *State* v. *Brown,* 64 Md. 199, this Court quotes with approval the language of the VICE-CHANCELLOR in *Henderson* v. *Henderson,* 3 Hare, 115, as follows, that where a given matter becomes the subject of litigation in, and adjudication by, a Court of competent jurisdiction, the Court requires the parties to bring forward their whole case, and will not,

except under special circumstances permit the same parties to open the same subject of litigation in respect of a matter which might have been brought forward as a part of the subject in contest, but which was not brought forward only because they have from negligence, inadvertence, or even accident, omitted a part of their case. The plea of *res adjudicata* applies, except in special cases, not only to the points upon which the Court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence might have brought forward at the time.

If the appellants, were not parties to the original suit, they manifestly have no standing now to appeal, or to contest the decree passed in that cause. Sec. 26, Art. 5, *Code of Public General Laws,* p. 143.

Nor can they attack in a collateral proceeding in the Baltimore City Court the decree of the Circuit Court No. 2 of Baltimore City dated the 15th of April, 1912, determining the ownership of the bonds in question. *Withers* v. *Denmead,* 22 Md. 134; *Davis* v. *Helbig,* 27 Md. 452; *Groshen* v. *Thomas,* 20 Md. 234.

The cases of *Early* v. *Dorsett,* 45 Md. 462, and *DeBearn* v. *Winans,* 115 Md. 139, relied upon by the appellants are unlike this case and rest upon dissimilar facts, and are controlled by different principles of law.

In either aspect of the case, it seems to us, that the appellants are precluded on this record from maintaining this appeal. They could have intervened at the proper time by petition and been made parties to the original suit, and brought the decree in that case to this Court on appeal for review, but failing in this, they are concluded by the former decree, determining the ownership of the bonds. For the reasons stated, the appeal will be dismissed.

*Appeal dismissed, with costs.*