KARR, HAMMOND & DARNALL

*vs.*

HENRY SHIRK.

*Counsel Fee—Attorneys for Trustee—Mortgage Sale—Right of Appeal.*

Under Code, art. 5, sec. 26, providing that "an appeal shall be allowed from any final decree, or order in the nature of a decree, passed by a court of equity, by any one or more of the persons parties to the suit," the right of appeal does not exist unless the appellant is a party of record or unless he has an interest in the subject-matter of the controversy.     p. 121

Counsel for one of the parties, by filing a petition in the case asking for the allowance to them of a counsel fee, do not become parties to the cause.     p. 122

In the absence of any agreement in the mortgage or otherwise that counsel fees for defending the sale made under the mortgage shall be paid from the surplus proceeds of sale, the court had no power, in an *ex parte* proceeding, to make an appropriation from such fund for that purpose, and an order making such appropriation gave the trustee's counsel no interest in the fund.     p. 122

Legal services, rendered to a trustee making sale under a mortgage, in defending the sale, do not constitute a claim against the surplus proceeds of sale, these belonging to the mortgagor and his creditors.     p. 123

An attorney employed by a trustee, to defend a sale made by him, ordinarily has a claim, not against the fund, but against the trustee, who is reimbursed for what he pays, if this is sanctioned or authorized by the court.     p. 123

Attorneys for a trustee appointed to sell under a mortgage, having no interest in the subject-matter of the suit to foreclose the mortgage, and not being parties of record, have no right of appeal from an order sustaining exceptions to the allowance to them from the fund of an attorney's fee.     p. 124

*Decided January 9th, 1923.*

Appeal from the Circuit Court of Baltimore City (CAR-
ROLL T. BOND, J.).

Petition by the Oak Street Permanent Building Associa-
tion to foreclose a mortgage on certain property, made by
Henry Shirk. From an order refusing the payment from
the surplus proceeds of sale of a fee to Karr, Hammond &
Darnall, the attorneys of the trustee appointed to make sale,
and sustaining the exceptions to such payment filed by said
mortgagor, said attorneys appeal. Appeal dismissed.

The cause was argued before BOYD, C. J., THOMAS, PATTI-
SON, STOCKBRIDGE, and OFFUTT, JJ.

*William H. Surratt,* for the appellants.

*J. Royall Tippett,* with whom were *Richard B. Tippett &
Son* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

So far as can be learned from the record, the facts of this
case, which are material to the questions before us, are these:
On January 26, 1915, The Oak Street Permanent Building
Association of Baltimore City filed in the Circuit Court of
Baltimore City its petition against Henry Shirk for the sale
of certain mortgaged premises in that city, and on the same
day a decree for the sale of the property was passed. John L.
Cornell, the trustee named in the decree, after filing his bond,
sold the property and reported the sale to the court, and in due
course the sale thus reported was ratified and confirmed. Be-
cause of some default on the part of the purchaser, a resale
of the property was directed and the trustee again sold it, and
on October 30th, 1919, reported that sale to the court. On
November 29th, 1919, exceptions were filed, and on January
14th, 1920, the court overruled those exceptions and finally
ratified the sale. From that order Henry Shirk, the mort-
gagor, on March 16th, 1920, appealed to this Court. John L.
Cornell, the original trustee, having died, Harry E. Silver-
wood was, on July 20th, 1920, appointed in his place and he,

on July 27th, 1920, filed a petition asking leave to employ counsel "to defend the order" ratifying the sale, and on the same day an *ex parte* order was filed authorizing the trustee to employ Messrs. Karr, Hammond & Darnall "to represent the trustee in defending the sale referred to in the Court of Appeals of the State of Maryland," and Messrs. Karr, Hammond & Darnall were accordingly employed and prepared and argued the case on behalf of the appellee in this Court. The order appealed from was affirmed and, on May 17th, 1921, the appellants filed a petition asking the court to allow them a reasonable fee for the services thus rendered, and on the same day, in an *ex parte* order, to which the trustee assented, the court allowed them therefor $500. The papers were then referred to the auditor and, in his report and account filed on June 7th, 1921, this fee was allowed. Henry Shirk, the mortgagor, on June 17th, 1921, filed exceptions to the auditor's account and especially to the allowance of that fee on the following grounds:

"(a) For the reason that the order was passed without notice to your exceptant, and he moves the court to rescind the same for the reasons set forth herein, excepting to said allowance.

"(b) Because the appeal taken in this cause was an appeal from the ratification of a resale of mortgaged premises, the purchase price of said sale being twenty-six hundred dollars ($2,600.00), and the issue before the Court of Appeals was merely whether or not said sale should be ratified; and the said Karr, Hammond & Darnall were solicitors for the building association, appellee, and filed a short brief of five pages only on behalf of said association appellee through Messrs. Hammond and Wallace, of said firm.

"(c) That the said Karr, Hammond & Darnall were also the solicitors for the purchasers of the property.

"That said attorneys are not entitled to be paid any fee out of the funds in this cause; that said fee is excessive and oppressive, even if said solicitors were entitled to any fee out of the fund."

After a hearing these exceptions were on April 5th, 1922, sustained and the fee disallowed, and from that order this appeal was taken by Messrs. Karr, Hammond & Darnall.

Upon these facts two questions arise: (1) Have the appellants any appealable interest in this case? and (2) Had the court the power to allow the trustee to employ counsel at the expense of the mortgagor to defend a sale of the mortgaged property?

We will first consider whether the appellants have any appealable interest in this case, or any standing in this Court, for, if that point is determined adversely to their contention, the second question will not be before us and it will be unnecessary to deal with it.

The right of appeal from orders and decrees of courts of equity in this State is conferred by section 26, article 5, Code Pub. Gen. Laws of Md., which provides in part that "an appeal shall be allowed from any final decree, or order in the nature of a final decree, passed by a court of equity by any one or more of the persons parties to the suit * * *." Unless some authority for it can be found in that act the appellants had no right to take the appeal in this case, and, since the benefit of that statute extends only to "persons parties to the suit," before the right of the appellants to maintain this appeal can be recognized, it must appear that they "are parties to the suit" within the meaning of the section. While the word "parties" will not be given a narrow or technical construction, so as to deny the right of appeal to persons who, while not technical parties to the record, are directly interested in the subject matter of the suit, nevertheless the right of appeal cannot exist unless the appellant is a party of record or unless he has an interest in the subject matter of the controversy. For, as was said by JUDGE URNER in *Preston* v. *Poe,* 116 Md. 6: "While it has been held that this provision does not restrict the right of appeal to those who are technical parties to a suit, yet it is also well settled that an appellant must be able to show that he has a direct interest in the subject-matter of the litigation. *Hall* v. *Jack,* 32 Md. 262; *Rau*

v. *Robertson,* 58 Md. 508; *Grabill* v. *Plummer,* 95 Md. 60; *Cecil* v. *Cecil,* 19 Md. 72; *Johns* v. *Caldwell,* 60 Md. 259; *Lurman* v. *Hubner,* 75 Md. 268; *Haskie* v. *James,* 75 Md. 568; *Stewart* v. *Codd,* 58 Md. 86; *Frey* v. *Shrewsbury Bank,* 58 Md. 151; *Glenn* v. *Reid,* 74 Md. 238; 2 *Cyc.* 628, 629." See also *Bernstein, Cohen & Co.* v. *Stansbury,* 119 Md. 319.

The appellants in this case were not parties of record to the original controvery, which was between the building associa- tion and Henry Shirk, nor did they become parties by subse- quently intervening in the case. Unless therefore, they had a direct interest in the subject matter of the litigation they had no right to appeal from the order under consideration.

The subject matter of this litigation was the foreclosure of a mortgage on certain property in the City of Baltimore. The appellants had no interest whatever in the mortgage or the property affected by it, nor had they any lien or claim on any surplus remaining from the proceeds of the mortgage sale after satisfying the mortgage claim, costs, &c. The court authorized their appointment, not on their own motion but on the petition of the trustee, and they were employed by him to represent him on the appeal, and in the auditor's report and account it is the trustee who is credited with the payment of their fee. The only fund in the case was the surplus remain- ing after the payment of the mortgage debt and the expenses of foreclosure, and that fund belonged to the mortgagor and his creditors. There is nothing in the record tending to show that the mortgagor agreed either in the mortgage or in any other way to devote any part of that surplus to the payment of counsel fees to the trustee for defending the sale which the mortgagor was trying to strike down, and, in the absence of such an agreement, manifestly the court was not empowered in any *ex parte* proceeding to appropriate that fund to the payment of the trustee's counsel, and that order could not for that reason give the appellants any interest in the fund, and the inquiry comes then finally to this question: Had the ap- pellants any interest in the fund in this case because they

served as counsel to the trustee in supporting the sale made by him?

Since their service was to the trustee, their claim for compensation must necessarily have been against him and not against the fund. The only real interest which the trustee had in defending the sale involved in the former appeal was in protecting his commissions, and it can hardly be said that legal services rendered to him for such a purpose constituted a claim against a fund which belonged solely to the mortgagor and his creditors.

The general principles upon which this conclusion rests cannot be seriously questioned in this State. In *Marshall* v. *Dobler & Mudge,* 97 Md. 557, where a counsel fee was allowed to counsel assisting a trustee in the sale of the assets of the Vogeler Company, it was said: "Although the order of court appealed from directed that there be allowed and paid to Col. Marshall the sum of ten thousand dollars, it must be remembered that it was 'as fees or compensation for professional services rendered by or through him to' the trustees. It was in reality determining what sum the trustees should be allowed to pay him out of the trust funds. It may be that trustees who employ counsel should pay him for his services more than the court would be justified in allowing out of the fund, as they may employ him to do what they should do themselves, and what they are paid for doing by the commissions allowed them, but when it is proper for the trustee to employ counsel, the law allows him to do so, and inasmuch as it is for the benefit of the estate, the trustee is permitted to compensate the counsel out of the funds in his hands. The allowance is, in theory if not actually, made to the trustee to compensate him for an expense which he is authorized to incur. * * * So although a practice has grown up in this State of attorneys filing petitions in their own names for compensation for services rendered trustees, strictly speaking such allowances are made to the trustees and they are given credit for so much of the trust funds as they are authorized to pay counsel who have rendered the services. Ordinarily the attorney does not have

a claim against the fund, but against the trustee employing him, and the trustee is reimbursed for what he has paid or is to pay, if sanctioned or authorized by the court. When then the appellees excepted to the audit, they objected to the allowance *to the trustees* in those four paragraphs, and while it is true that Mr. Homer and Col. Marshall were interested in the result, they could only make their claim through the trustees."

If the appellants had no interest in the subject matter of the suit, and it is clear they had not, then the mere fact that they were attorneys for the trustee gave them no right to appeal (3 *C. J.* 638; *Kuhn* v. *Downs,* 156 Iowa, 247; *Pereyra's Appeal,* 126 Pa. 220), and since they are not parties of record, it follows that they have no appealable interest in this case and their appeal must be dismissed. *Walter* v. *Second Nat. Bank,* 56 Md. 138; *Brune* v. *Lanahan,* 60 Md. 515; *Bernstein, Cohen & Co.* v. *Stansbury,* 119 Md. 320; *Preston* v. *Poe, supra; Lotterer* v. *Leon,* 138 Md. 329.

*Appeal dismissed, with costs to the appellee.*